(58 App. Div. 534.)

MEYERS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 22, 1901.)

1. COMMISSIONERS OF NEW EAST RIVER BRIDGE — ADVERTISEMENT FOR BIDS—SPECIFICATIONS.
     Advertisements for bids by the commissioners of the New East River Bridge properly restricted bids for work to parties having the requisite plant and facilities in successful operation for at least a year on work of a similar character, and required that the steel should contain specified elements, which, in the judgment of the commissioners, were best suited for the work, since the act prescribing their duties does not require them to advertise for bids or let their contracts to. the lowest bidder.

2. SAME—PRESUMPTIONS.
     Restrictions, under the provisions of the labor law (Laws 1899, c. 567), on contracts of bidders in proposals for the construction of the New East River Bridge, called for by the commissioners before the act was declared unconstitutional, will be presumed to have been imposed by the commissioners pursuant to the statute, and because it compelled such imposition.

3. CONTRACTS FOR PUBLIC WORK—WASTE OF PUBLIC MONEY—INJUNCTION.
     The insertion in a contract for public work of a requirement which unduly increases the price operates as a waste of public money, for which injunction will lie in favor of a taxpayer aggrieved thereby.

4. TEMPORARY INJUNCTION—REFUSAL—DISCRETION OF COURT—EFFECT ON FINAL RELIEF.
     It is discretionary with the court, on an application for a temporary injunction, to decide on the strict equitable rights of the parties, and a refusal thereof does not necessarily require that the relief shall be refused when the whole case is disclosed on the trial.
     Van Brunt, P. J., and Patterson, J., dissenting.

Appeal from special term, New York county.

Injunction by Julius Meyers against the city of New York. From an interlocutory judgment sustaining a demurrer to the complaint, defendant appeals. Reversed. 66 N. Y. Supp. 755.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

L. Laflin Kellogg, for appellant.
George Hill, for respondent.

RUMSEY, J. This is a taxpayer's action brought against the commissioners of the New East River Bridge in the city of New York, and certain officials of that city. The complaint set up the act of the legislature creating the commission and prescribing the duties of the commissioners. They were, among other things, to prepare a plan for the bridge, which is to be a permanent suspension bridge, and, after adopting such a plan as seemed to them best, they are to construct the bridge, and for that purpose are authorized to enter into contracts. The act contains no limitation upon their authority to make contracts except such as grows out of the nature of the work to do which they were appointed. It is alleged that they advertised for proposals for building the bridge, and it is said that the advertisement contained provisions that would result in the waste of the public money, and it is because of their intention to require compliance by the contractor with these requirements that this action is brought to prevent waste, under the provisions of chapter 301 of the Laws of 1892 and section 1925 of the Code of Civil Procedure.

The matters complained of will be taken up in the order in which they appear in the complaint. In the first place, it is objected that the advertisement states that bids will be received "only from such parties as have the requisite plant and facilities, which have been in successful operation on work of a similar character for at least one year." Objection is also made to the requirement that the steel of which the bridge is to be composed, and which is to be furnished by the contractor, should contain certain elements specified in the complaint. As to these two requirements, it is alleged that the advertisement for bids and proposals, in containing them, was unreasonable and unfair, and was fraudulently prepared, and issued with the purpose and intent of limiting competition, and confining the work to a small class of bidders, although competent and reliable bidders, with the requisite plant and facilities, desired to submit bids for doing the work, but were prevented from doing so unless their plant and facilities had been in successful operation for one year, and that the requirement in the specifications as to the elements to be contained in the steel prohibited the furnishing of that article except by one company whose steel alone met the conditions specified, although steel manufactured by other companies is equally good, and equally well adapted for the work. So far as the allegation that this advertisement was fraudulently made is concerned, no fact is shown to support it, and for that reason I do not think we can consider it, because the demurrer does not admit that this advertisement was fraudulent.

Neither does the demurrer admit that these requirements would result in a waste of the public moneys, or act in any way to the detriment of the city. It is to be remembered that those commissioners are not required to advertise for bids or to let their contracts to the lowest bidder, and therefore they were at liberty to buy steel of this kind if in their judgment it was best suited for this work, and they were at liberty to insist that the persons who took the contract should have what they considered the necessary plant and the very best facilities, and should be so well established that there could be no doubt of their ability to perform the contract precisely as they might agree. Therefore it cannot be said that the commissioners did anything more than their duty in insisting upon these requirements from the bidders.

The complaint further alleges that the bridge commissioners in their proposals say that the contract to be made for the work must contain an agreement to comply with the provisions of the labor law (chapter 415, Laws 1897, as amended), to the effect that the contract should be void and of no effect unless the rate of wages specified by section 3 of the labor law should be paid, and where labor is employed preference be given to the citizens of the state of New York, as provided in section 13 thereof; and also that no laborer, mechanic, or workman should be permitted or required to work more than eight hours in any one calendar day, except in certain emergencies; and that the rate of wages to be paid for a legal day's work should be not less than the prevailing rate of a day's work in the same trade in the locality where such public work is performed, and that each laborer, mechanic, or workman employed by the contractor should receive the wages hereinbefore set forth; and that the contract should be void and of no effect unless the person making it complied with these provisions. It is alleged that these provisions are unconstitutional, and that such requirements are illegal. While the demurrer does not admit these allegations, which are purely conclusions of law, yet, as legal propositions, they are now established by the highest court of the state, and it must be conceded in the further consideration of this statute that, so far as it compels the insertion in the contract of such provisions, it is unconstitutional, because the legislature has no power to prescribe them. People v. Coler, 166 N. Y. 1, 59 N. E. 716.

It is said, however, that the East River Bridge commissioners, having unrestricted power to contract, are at liberty to insert these provisions in the contract if they see fit so to do. But at the time these proposals were made it was supposed that this law was constitutional, and as to these particular provisions the bridge commissioners had no unrestricted power, because the statute (chapter 567, Laws 1899) expressly required that they should be inserted in every contract for public work thereafter made, and it must be assumed that the bridge commissioners, when they imposed these restrictions upon the contract, did not do so of their own free will, but because the statute then in force, and supposed to be valid in fact, compelled them to do so.

It is alleged in the complaint that these requirements tended to increase the price of the work by compelling the contractor to pay a greater amount for the labor employed by him than he otherwise would be compelled to do if allowed to pay wages for labor regulated

only by the law of supply and demand, and if he were not restricted in the employment of labor by preferring citizens of the state of New York. These allegations are admitted by the demurrer. Therefore we have this condition of affairs: That the law imposed upon the bridge commissioners the duty of requiring that their contractors, as a condition of making the contract to do work upon the bridge, should agree to pay the prevailing rate of wages, and employ only citizens of the state of New York; that the law compelling such requirements is unconstitutional (People v. Coler, 166 N. Y. 1, 59 N. E. 716); that the effect of it is unduly to increase the price necessary to be paid; and it necessarily follows, as it seems to me, that the insertion of any requirement in the contract which unduly increases the price to be paid for the work operates as a waste of the public money.

One reason why this law was held to be unconstitutional was that it unduly enhanced the expense of all work done for the city, and it was said that, where the expense of the work is enlarged beyond the actual and reasonable cost under business conditions, the result was to take the property of the taxpayers of the city who were finally called upon to bear the expense without due process of law. People v. Coler, supra. That the facts exist which created that condition is conceded by the demurrer. It necessarily follows, as it seems to me, that the bridge commissioners in inserting these provisions did that which they had no power to do, and, because it is conceded that the necessary result of it is to waste the public funds, the complaint in that regard is sufficient, and therefore the demurrer should be overruled.

It is claimed by the respondents that this question has been disposed of by this court adversely to the claim of the appellant upon the motion for an injunction. That injunction was denied by the court below, and the order was affirmed by this court upon the opinion of the court below. The law is settled that, upon an application for a temporary injunction, the court is not called upon to decide as to the strict equitable rights of the parties, but the matter rests very largely in its discretion, and if the court, upon such a motion, comes to the conclusion that upon the whole it is better to refuse the temporary injunction, that determination does not necessarily require that a final injunction shall be refused when the whole equities of the case are laid open to the court upon the trial of an issue of fact or of law. Linden v. Hepburn, 3 Sandf. 668. It appears from the opinion of the learned justice below, which was approved by this court, that upon the motion before him all the equities were denied, and for that reason it was proper that the plaintiff should take nothing by his motion for an injunction. So it appears, also, that the court was not required there to decide as to the constitutionality of the labor law, and it was proper that, in a matter which depended very greatly upon its discretion, it should refuse to overthrow the statute upon a question of its constitutionality, but should leave that question to be decided upon a trial of the case, where it might be determined whether such a decision was absolutely necessary to the disposition of the action. For this reason, although the temporary injunction was refused upon the case as it then appeared, that refusal is not necessa-

rily either a bar or a precedent for a determination upon a trial, where all the facts which show that the plaintiff is not entitled to the relief which he demands are admitted. For this reason, the interlocutory judgment must be reversed, with costs, and the demurrer overruled, with costs, with leave to the defendants within 20 days to withdraw the demurrer and answer, upon payment of costs in this court and in the court below.

O'BRIEN and INGRAHAM, JJ., concur.   VAN BRUNT, P. J., and PATTERSON, J., dissent.