KNOWLES v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

VENUE—SUIT TO ANNUL CONTRACT—PLACE OF MAKING CONTRACT.

    Under Code Civ. Proc. § 983, directing that causes must be tried where the cause of action arose, when against a public officer for an act done by virtue of his office, and Greater New York Charter, § 262, providing that actions in which the city of New York is made a party shall be tried in the county within the city in which the cause of action arose, or in the county of New York, a taxpayer's suit against the city of New York and its officers to annul a contract executed in the county of New York pursuant to bids received there must be tried in that county.

Appeal from special term, Kings county.

Action by William P. Knowles against the city of New York and others, impleaded with the Pennsylvania Steel Company. From an order denying the motion of defendants other than the Pennsylvania Steel Company to change the place of trial from the county of Kings to the county of New York, said defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

James McKeen (George Hill, on the brief), for appellants.
L. Laflin Kellogg (Alfred C. Pette, on the brief), for respondent.

GOODRICH, P. J. The plaintiff brings a taxpayer's action to enjoin the city of New York, the mayor and the comptroller of the city, and the commissioners of the New East River Bridge, from paying out, and the Pennsylvania Steel Company from receiving, moneys on account of work to be done under two contracts for constructing approaches on the Manhattan and on the Brooklyn sides of a new bridge over the East river, and to declare the contracts void, to compel the steel company to repay to the city the amounts which it has received, and to direct that the commissioners readvertise and relet the work called for in the contracts. The venue of the action was laid in the county of Kings. The ground of attack is that there were inserted in the contracts certain provisions of the labor law (Laws 1897, c. 415, as amended), which have been declared unconstitutional (People v. Coler, 166 N. Y. 1, 59 N. E. 716; Meyers v. City of New York, 58 App. Div. 534, 69 N. Y. Supp. 529); that the cost of the work was materially increased thereby; and that there was resultant waste of city funds. Contending that the proper venue of the action is the county of New York, the defendants other than the Pennsylvania Steel Company served a demand for change of venue to that county, and obtained an order requiring the plaintiff to show cause why the place of trial should not be changed. The court denied the motion solely on the ground that the action was properly laid in the county of Kings, and the said defendants appeal.

It is alleged in the complaint that the defendant commissioners in July, 1900, advertised "that sealed bids or estimates would be received by them at their office at No. 258 Broadway, in the borough of Manhattan," in accordance with the proposed form of contract, which contained a provision that the contractors must agree to comply with the

provisions of the labor law (Laws 1897, c. 415, as amended); that each bidder was required to deposit with his bid, in the office of the commissioners, a certified check; that such bids would be opened in public meeting by the commissioners; that the contract would be void unless the rate of wages specified in sections 3, 13, and 14 of that law were complied with; that the contracts were subsequently entered into, containing such provisions; that at a meeting of the commissioners the bids were received by the commissioners; and that the contract was awarded to the steel company. The plaintiff's counsel concedes in his brief that "the contracts were actually signed and entered into in the county of New York." Section 983 of the Code of Civil Procedure provides that causes must be tried in the county where the cause of action, or some part thereof, arose, when such action is against a public officer for an act done in virtue of his office. Section 262 of the Greater New York charter provides that the supreme court shall have exclusive jurisdiction over all actions wherein the city of New York is made a party defendant, and that all such actions shall be tried in the county within the city of New York in which the cause of action arose, or in the county of New York, subject to the power of the court to change the place of trial in the cases provided by law. The question before us is, where did the cause of action arise? The cause of action alleged is the illegal making of the contract in question, with the unconstitutional provisions inserted therein. The bids were received and opened, and the contract was executed, at the office of the commissioners in the borough of Manhattan, in the county of New York; and the city is a party defendant. The cause of action (that is, the making of the contract) arose in, and consequently must be tried in, that county.

For these reasons, the order must be reversed, with costs, and the motion to change the place of trial to the county of New York granted, with costs. All concur, except HIRSCHBERG, J., taking no part.