Harriet S. Armstrong, Appellant, v. Ellen Purcell, Respondent.— Judgment affirmed, with costs, on the opinion of Mr. Justice Wilmot M. Smith. All concurred. The following is the opinion of Mr. Justice Wilmot M. Smith, delivered at the Suffolk Trial Term:

SMITH, J.: I do not think the contract between Adams and Smith of March 30, 1894, operated as an extension of the mortgage, because, in my opinion, the agreement therein contained is too indefinite to be enforcible. Neither party could enforce a specific performance thereof. I am also of the opinion that there was not a valid extension of the time of the payment of the mortgage contained in the letter of Adams to Smith of May 2, 1894. If by that letter Adams assumed personal liability of the mortgage debt there was a valid extension of the time of the payment, but reading the whole letter together I am convinced that neither party understood such an assumption was intended. He promised that it should be paid, but upon his failure so to do, his statement to Smith was, "then you are at liberty to foreclose said mortgage forthwith." In other words, Smith could do just what admittedly he had the right to do when the letter was written, and by a fair implication secured no greater right by reason of the extension. Although I do not think the mortgagor was relieved from liability by reason of a valid extension of the time of payment of the mortgage without her consent, I am of the opinion that she was discharged from such liability by the payment to Smith of the mortgage by Higgins and Adams, who at the time were the owners of the mortgaged property. It appears that the mortgaged premises were conveyed to one Thomas C. Higgins by deed dated May 3, 1894. Higgins did not record the deed until July 22, 1897, but it is undisputed that he held title for himself and for Adams. On June 19, 1894, Smith assigned the mortgage in question to Higgins, Adams and Higgins each contributing equally in the payment thereof to Smith. The interest of Adams and Higgins in the mortgaged premises and in the mortgage was then precisely the same. The primary fund for the payment of this mortgage was the land, the mortgagor becoming the surety only. Higgins and Adams as grantees of the mortgaged premises were bound in equity to pay off the mortgage. (*Ferris v. Crawford,* 2 Den. 595; *Jumel v. Jumel,* 7 Paige, 591; *Johnson v. Zink,* 51 N. Y. 336.) I think the conclusion inevitable that under these circumstances the mortgage debt must be deemed to have been extinguished; that neither Higgins nor his assignee can enforce the mortgage debt against the mortgagor. The defendant is entitled to judgment dismissing the complaint upon the merits, with costs.

The People of the State of New York ex rel. James McLoughlin, Respondent, v. Board of Police Commissioners of the City of Yonkers and Frederick H. Woodruff, Appellants.— Motion to dismiss appeal granted, with ten dollars costs.