(77 App. Div. 307.)

MEYERS v. PENNSYLVANIA STEEL CO. et al.

(Supreme Court, Appellate Division, First Department. December 12, 1902.)

1. MUNICIPAL CORPORATION—BRIDGE COMMISSIONERS—UNCONSTITUTIONAL ACT—EMBODIMENT OF PROVISIONS IN CONTRACT—EFFECT.

The commissioners of the New East River bridge contracted with a steel company for materials embodying in the contract provisions required by the labor law (Laws 1897, c. 415); and after the execution of the contract the court of appeals held the law void. Prior to the contract the supreme court had held that such provisions were proper. *Held*, that the further execution of the contract would not be enjoined at suit of a taxpayer, though the requirements of the labor law enhanced the cost of materials; the illegality not avoiding the contract in toto, especially as against the innocent party thereto.

2. SAME—ADVERTISEMENT FOR BIDS—PROPER SPECIFICATIONS.

Specifications in an advertisement for bids for materials by the commissioners of the new East River bridge prescribing the character of steel, and requiring that the bidder should have had a plant in operation for a year, are proper.

Appeal from trial term, New York county.

Action by Julius Meyers against the Pennsylvania Steel Company and others. From an interlocutory judgment overruling the demurrer of the steel company to the amended complaint, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William C. Trull, for appellant.
L. Laflin Kellogg, for respondent.

LAUGHLIN, J.    This is an action by a taxpayer to restrain the further execution of a contract in writing made prior to the commencement of this action between the commissioners of the new East River bridge and the appellant for the steel and masonry approaches on the Manhattan and Brooklyn sides of the new East River bridge.

One of the grounds of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action. This court recently affirmed, without opinion, a decision of the special term sustaining a demurrer to a similar complaint in a similar action upon the same ground. Knowles v. City of New York, 37 Misc. Rep. 195, 75

N. Y. Supp. 189, affirmed in 74 App. Div. 632, 77 N. Y. Supp. 1130. The learned trial justice followed our decision in Meyers v. City of New York, 58 App. Div. 539, 69 N. Y. Supp. 529, which he deemed controlling. That action was brought, before the work was let, to enjoin the making of the contract. It having been alleged that the contract price of the work would be materially increased in consequence of provisions inserted in the specifications requiring the contractor to comply with provisions of the labor law (chapter 415, Laws 1897, as amended), which the court of appeals had previously declared to be unconstitutional and void (People v. Coler, 166 N. Y. 1, 59 N. E. 716), this court held that a cause of action was stated. It now appears that the contract embodying this provision of the labor law was made on the 7th day of November, 1900, prior to the decision of the court of appeals in the case of People v. Coler, supra. It thus appears that, at the time the commissioners prepared their specifications and invited proposals for the work, in inserting the provisions which it is now claimed render the entire contract void they merely followed the mandate of the legislature. Moreover, it appears to have been decided by the court prior to that time, in an action to enjoin the award of the contract, that these provisions were properly inserted. Meyers v. City of New York, 32 Misc. Rep. 522, 66 N. Y. Supp. 755, affirmed in 54 App. Div. 631, 66 N. Y. Supp. 755. Surely the commissioners are not chargeable with bad faith in complying with the statutory law of the state, and in not presuming to decide that these provisions of the statute were void, especially in view of the decisions of the courts previously made. In any event, the appellant is an innocent party, and it cannot be deprived of its contract rights acquired in good faith merely because some of the conditions imposed have subsequently been declared illegal. Their illegality does not render the contract void, nor does it for this reason become an illegal contract, the execution of which may be enjoined by a taxpayer.

The general allegations of fraud were disposed of favorably in this appellant's contention in the Meyers Case. It was there held that, there being no allegations of the facts constituting the fraud, fraud was not admitted by the demurrer. It was there also held that the commissioners were not required to advertise for bids or to let the contract to the lowest bidder, and that therefore they were at liberty to require in their specifications a particular kind of steel. In the construction of work of this nature and magnitude, upon the security and safety of which will depend the lives and property of thousands of people, it was but the part of wisdom to require the very best kind and quality of material, and to insure the most skillful and scientific workmanship. The provisions in the specifications prescribing the character of steel, and requiring that the bidder should have had a plant in operation for a year, were designed to accomplish this purpose; and the action of the commissioners in inserting them is to be commended, rather than criticised.

Although the court of appeals has held that these invalid provisions of the labor law are not binding upon a contractor, there is no allegation in the complaint that the appellant has not fully complied

therewith, or that it has refused to perform any of the conditions of the contract on the ground of their invalidity.   The contract remains in full force, and the appellant is proceeding in good faith with the performance of this work thereunder, and is entitled to receive the compensation therein agreed to be paid, in accordance with its terms, even though the provisions of the labor law are void and might have been omitted.   People ex rel. Rogers v. Coler, 56 App. Div. 98, 67 N. Y. Supp. 701; Id., 166 N. Y. 1, 59 N. E. 716; People ex rel. Treat v. Coler, 166 N. Y. 144, 59 N. E. 776; Calhoun v. Millard, 121 N. Y. 69, 24 N. E. 27, 8 L. R. A. 248.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, and final judgment should be directed dismissing the complaint, with costs.   All concur.

---

(77 App. Div. 355.)

### In re HELLMAN'S ESTATE.

(Supreme Court, Appellate Division, First Department.   December 12, 1902.)

1. TRANSFER TAX—STOCK EXCHANGE MEMBERSHIP.

 A stock exchange membership, not being personal property, as defined by the tax law (Laws 1896, § 2, subd. 5), is not within sections 220, 221, imposing a tax on the transfer of real and personal property.

 Hatch and Patterson, JJ., dissenting.

Appeal from surrogate's court, New York county.

In the matter of determining the transfer tax on the estate of Theodore Hellman, deceased.   From an order of the surrogate's court affirming a previous order of said court which assessed the amount of the transfer tax, the executors appeal.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, AND LAUGHLIN, JJ.