## BIDDLE PURCHASING CO. v. SNYDER et al.

(Supreme Court, Appellate Division, First Department.   December 8, 1905.)

1. TRUSTS—ACCOUNTING BY TRUSTEE—ACTION—PLEADING—ADMISSIONS.
    In an action for an accounting plaintiff alleged that it deposited a certain sum with defendants, who received the same as trustees for the
purpose of acquiring certain property for the benefit of plaintiff and other
creditors of a corporation, and that in reliance on certain letters and reports rendered by defendants to plaintiff and made a part of the complaint, showing the disposition of the money so received, plaintiff deposited an additional sum with defendants, who received the same as
trustees and for the purposes set out in the letters and reports, and that
defendants wasted and squandered a large part of the money so received, and had failed to account therefor.   Held, that by making the
letters and reports a part of the complaint plaintiff did not admit the
truth of the statements therein, so as to constitute them an accounting,
barring it from the relief prayed for.

2. SAME—DISPOSITION OF MONEY—BURDEN OF PROOF.
    The burden was on defendants to show what they did with the money
and property while it was in their possession or charge.
    [Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, § 426.]

3. SAME—NECESSARY PARTIES.
    The complaint further alleged that defendants purchased certain property sold under mortgage foreclosure and turned the same over to a new
corporation formed by them, but made no claim against either the old or
new corporation, or their officers, nor alleged a transfer by defendants
of the property held in trust by them to the new company.   Held, that
neither corporation was a necessary party.

4. SAME—IMPROPER JOINDER OF CAUSES OF ACTION—DEMURRER.
    The cause of action alleged not relating to the fund collected by defendants but simply to the money paid by plaintiff, the complaint was
not demurrable because asking relief against defendants personally and
as trustees.

Appeal from Special Term, New York County.

Action by the Biddle Purchasing Company against Valentine P.
Snyder and others.   From an interlocutory judgment overruling demurrers to the complaint, defendants appeal.   Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRA
HAM, LAUGHLIN, and HOUGHTON, JJ.

William F. Goldbeck, for appellants.
Ralph S. Rounds, for respondent.

McLAUGHLIN, J.   The defendants, individually and as committee
of creditors of the Archer & Pancoast Company, a corporation, demurred to the complaint.   The demurrers were overruled, and they
have appealed.   They urge upon the appeal that the demurrers should
have been sustained (1) because the complaint does not state facts
sufficient to constitute a cause of action; (2) because there is a defect of parties defendant, in that neither the Archer & Pancoast
Company nor the Archer-Pancoast Company is joined; and (3) for
the reason that causes of action have been improperly united, viz.,
a cause of action against them individually and one against them
as a committee of the creditors of the Archer & Pancoast Company.

The action is in equity for an accounting.   The complaint alleges,

in substance, that on or about the 14th of November, 1898, the plaintiff was the owner and holder of 35 certain promissory notes in writing made by the Archer & Pancoast Company, which amounted in the aggregate to $17,500; that on said day certain holders of similar notes of the Archer & Pancoast Company caused to be issued to all holders of such notes a circular letter, signed by them, which letter is made a part of the complaint, and inclosed with it was the form of a letter to the committee, a copy of which is also annexed to the complaint; that thereafter, and on or about the 16th of March, 1899, the plaintiff received a letter from the defendants requesting the said note holders to deposit with the defendants certain sums of money "upon the trusts and conditions and for the purposes set forth in said letter"; that on the 22d of the same month, relying upon the statements contained in these letters, the plaintiff deposited with the defendants the sum of $5,250, in trust and for the purposes set forth in their letters; that the defendants received the same in trust for the purposes stated; that subsequently the defendants, as trustees of the plaintiff, received and realized large sums of money and property of large value, which should have been held and administered by them for the benefit of the plaintiff under the trust, but that they wasted and squandered a large portion of the same, using the balance for unauthorized and unlawful purposes; and that the plaintiff is ignorant of the amount of money so received, wasted, and squandered, except that it has been informed the property so received was of the value of upwards of $700,000. Reference is then made to a report of the defendants, which is a part of the complaint, which shows the purchase by defendants as a committee for certain creditors of the Archer & Pancoast Company of certain property sold under a mortgage foreclosure for $101,500, which subsequently had been turned over by defendants to a new corporation formed by them and called the Archer-Pancoast Company. This report further shows that the amount contributed by creditors for the purposes set out in the letters was about $50,000, and in order to pay the balance of the purchase price of the property the defendants had borrowed $50,000 and given a mortgage upon the property taken to secure the payment of the same, and that this property had been turned over to the Archer-Pancoast Company, subject to the mortgage. The complaint further charges that subsequent to the report referred to, and on or about the 21st of February, 1900, the defendants sent to plaintiff another report to the effect that it was to the best interest of the creditors of the Archer & Pancoast Company who had previously contributed sums of money that they should make a further contribution, to the end that the mortgage given by defendants might be discharged; that for this purpose a contribution was solicited equal in amount to the one first made by the plaintiff; that the plaintiff, in pursuance of this request and relying upon statements made by defendants contained in their various letters and reports, made a further contribution of $5,250, which defendants received upon the same trust and conditions above stated. The complaint further charges that the defendants have wasted and squandered a large part of the money received, and that, although a demand has

been made that they account therefor, they have wholly failed and neglected so to do. The judgment demanded is that an accounting be had between plaintiff and defendants of their actions and proceedings as trustees, and that upon the completion of said accounting they and each of them be decreed to pay· over to the plaintiff such sum as shall be ascertained to be due to it from them.

The appellants contend that the complaint upon its face shows that the plaintiff is not entitled to the relief demanded; that defendants' letters and reports, referred to in and made a part of the complaint, are in effect an accounting; in other words, that the letters and reports show that the plaintiff has already had an accounting, and for that reason sufficient facts are not stated to justify the court in exercising its equitable powers in plaintiff's behalf. I am unable, after a careful consideration of the allegations of the complaint, to agree with the appellants' contention. The plaintiff does not admit the truth of the statements contained in defendants' letters and reports because it has annexed them to and made them a part of the complaint. They are set forth for the purpose of showing the relation that existed between the parties, and which entitles the plaintiff to the relief asked; that the defendants, in accepting the plaintiff's money, did so as its agent or trustee for a specific purpose, which was the acquisition of certain property for the benefit of creditors of the Archer & Pancoast Company. These reports and letters, taken in connection with the allegations of the complaint, show that a fiduciary relation existed between the parties, by reason of which property and property interests were entrusted to defendants. If these allegations be true, then plaintiff is entitled to an accounting, and the burden is upon the defendants to show what they did with the money and property while it was in their possession or while they had charge of it. Rose v. Durant, 44 App. Div. 381, 61 N. Y. Supp. 15; Marvin v. Brooks, 94 N. Y. 71.

Nor is there a defect of parties defendant. Neither of the corporations mentioned is a necessary party. As to the Archer & Pancoast Company, the old corporation, there is no claim made either for or against it; nor is there any claim made for or against any of its officers or directors. So far as appears from the complaint, neither the plaintiff nor the defendants had any official connection with that corporation, nor, indeed, any relation other than as creditors of it. As to the new corporation, the Archer-Pancoast Company, there are no allegations in the complaint that such a corporation existed, except so far as that may be inferred from statements made by the defendants in the letters and reports annexed to the complaint. But, even if its existence be admitted, it is not a necessary party, inasmuch as the complaint does not seek to obtain an accounting from it, or to make it liable in any respect, nor is there any claim made that the defendants, as trustees, transferred to it the property which they held in trust; but the title to the property transferred is not questioned, nor are any facts stated which would warrant any relief against it. Zebley v. Farmers' Loan & Trust Co., 139 N. Y. 461, 471, 34 N. E. 1067, 1069. The only relief asked is that the defendants account for moneys which they received from the plaintiff.

It is also said that causes of action have been improperly united, in that a cause of action is alleged against defendants as trustees of the creditors of the Archer & Pancoast Company, and also a cause of action alleged against them as individuals. There is but one cause of action alleged, and that is to compel defendants to account for money which they received, not from the creditors of the Archer & Pancoast Company, but from the plaintiff. The cause of action alleged does not relate to the fund collected by defendants, but simply to the money paid by the plaintiff. Plaintiff wants the defendants to account for that money, and the complaint is not demurrable because it asks for such relief against the defendants personally and as its trustee. Donnelly v. Lambert, 62 App. Div. 190, 70 N. Y. Supp. 963.

The judgment is right, and should be affirmed, with costs, with leave to the defendants to withdraw their demurrers and to answer, on payment of costs in this court and in the court below. All concur.