(117 App. Div. 255)

### MAWHINNEY v. CONVERSE.

(Supreme Court, Appellate Division, First Department. January 25, 1907.)

CORPORATIONS—REORGANIZATION—ACCOUNTING BY COMMITTEE.

A reorganization agreement, involving a principal company and subsidiary companies, was entered into by a reorganization committee, a trust company, and stockholders and holders of obligations of the company and subsidiary companies. The agreement vested the ownership and control of the corporations in the committee, with a view to forming a new corporation, and the committee was to be responsible only for willful malfeasance or neglect. The only condition as to accounting was that the accounts of the committee might be filed with the trust company, or the directors of any company organized, within one year from the completion of the reorganization, unless a longer time be granted, and approval of such accounts by the trust company or such directors should be conclusive on all parties, and discharge the committee from liability. *Held,* that a stockholder of the principal company who executed the reorganization agreement and deposited his stock with the trust company may require an accounting by the committee under a complaint alleging that they have wasted a large amount of money and have used for unauthorized purposes a large portion of the balance.

Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by Hugh H. Mawhinney, suing for himself and others, against Edmund C. Converse, impleaded with others. Demurrer to complaint overruled, and defendants appeal. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Francis D. Pollak (William J. Curtis, on the brief), for appellant. Roger Foster and James A. Allen, for respondent.

LAUGHLIN, J. This is a representative action for an accounting by the appellant and others as members of a reorganization committee under a reorganization agreement involving the American Cotton Company and 10 subsidiary companies. The ground of the demurrer relied upon and argued in behalf of the appellant at Special Term and here is that the complaint fails to state facts sufficient to constitute a cause of action. The reorganization agreement is annexed to and made

part of the complaint, as is also a plan of reorganization prepared by the reorganization committee, and a statement of proposed changes, modifications, or departures from such plan of reorganization, likewise prepared by said committee. The reorganization agreement was made on the 16th day of June, 1904. The plan of reorganization prepared by the committee bears date the 19th day of August, 1904, and the statement of proposed changes, modifications, or departures therefrom bears date the 25th day of July, 1905. The action was commenced on the 13th day of December, 1905. There were three parties to the reorganization agreement. The parties of the first part consisted of the appellant and the other members of the reorganization committee, and were therein designated the "committee." The Bankers' Trust Company was the party of the second part, and was designated the "Depositary." The parties of the third part consisted of such holders and owners of debenture bonds, notes, and other obligations, and all preferred and common stock of the American Cotton Company and all certificates of deposit therefor issued under a stockholders' agreement made on the 2d day of December, 1901, and such holders and owners of notes and other obligations and of the capital stock of 10 specified companies as should become parties thereto by depositing their bonds, notes, and other obligations, stock, and certificates of deposit thereunder with said depositary, where it was provided that they should become parties to the agreement, as if they had signed and executed the same, and they were designated the "Depositors."

The plaintiff alleges that he owned 65 shares of the capital stock of the American Cotton Company, and that on or about the 15th day of August, 1904, pursuant to an invitation from the reorganization committee, he executed the reorganization agreement and deposited his stock with the depositary thereunder, and that a great number of others falling within the class of those intended to be parties of the third part did likewise, and deposited their respective shares of stock, notes, bonds, and other obligations, and certificates of deposits with the depositary. The plaintiff further alleges that the reorganization committee enlarged their number and substituted the Metropolitan Trust Company as the depositary. Authority to do this, however, appears to have been conferred by the reorganization agreement. The plaintiff further alleges that the members of the reorganization committee thereafter took possession of all of the property of the American Cotton Company and of the other 10 corporations, which consisted, among other things, "of a large number of letters patent of the United States, and a large number of bales of cotton." The plaintiff then charges that, by the use of the securities so deposited with the depositary, the members of the reorganization committee "in their individual capacity, have received and realized large sums of money and property of large value, besides that of the American Cotton Company, which should have been held and administered by them for this plaintiff and other depositors under said reorganization agreement, but said individual defendants have wasted and squandered a large amount of the said property and money, and have used for unauthorized and unlawful purposes a large portion of the balance of the same," and have pledged some of said certificates of stock and other corporate securities with

banks, trust companies, and other persons, natural and corporate, and "have thus obtained loans of large sums of money by the use of which, in speculation in stocks, bonds, cotton, and otherwise, the said borrowers have realized large profits which in equity belong to this plaintiff and to other depositors under said agreement"; that under color of the reorganization agreement they have unnecessarily and without authority expended large sums of money for counsel fees and otherwise in excess of the real value of the services and consideration received, and have "otherwise, in a manner to the plaintiff unknown, by negligence and misfeasance, wasted and misapplied the assets of the property which they have thus acquired, and have depreciated the value of the certificates of stock and other securities deposited with them as aforesaid, to the great damage and loss of this plaintiff and the rest of the said depositors"; that, when plaintiff deposited his stock, the American Cotton Company was solvent, but subsequently it became insolvent, and by collusion of the members of the reorganization committee and the depositary a receiver of its property was appointed by a Vice Chancellor of New Jersey on the 7th day of September, 1904; that each and every statement contained in the plan of reorganization which was issued to the depositors by the members of the committee on the 19th day of August, 1904, and in the statement of proposed changes, modifications, or departures from said plan issued by them to the depositors on the 25th day of July, 1905, was false and untrue; that before commencing the action the plaintiff demanded of the members of the reorganization committee that they inform him of the amount of the obligations and expenses that had been incurred by them under the reorganization agreement, and of the amount which they had determined should be his share of said expenses, but that they refused to give the information, and he is wholly ignorant thereof, and unable to decide intelligently whether or not to dissent from the plan of reorganization adopted by the committee; that on or about the 9th day of November, 1905, in behalf of himself and of others similarly situated, he caused a demand in writing to be served on the members of the reorganization committee for an accounting for all acts done by them, and for all property received by them under the reorganization agreement, or under color thereof, and for all money and other property received by them by means of their connection with the reorganization or with the American Cotton Company, "including all profits made by membership in syndicates, and all profits made by the use of loans, which you and any one of you have obtained from persons and corporations with whom you have deposited funds, which you and which any one of you have obtained the custody of in connection with said reorganization agreement, including profits made by speculation and dealing in cotton," but that they and each of them have failed to account in any respect. The prayer for relief is, as to the members of the reorganization committee, that they account to the plaintiff and other depositors under the reorganization agreement "for all their acts and for all the acts of each of them under color of said reorganization agreement and under color of any modifications therein, and for all profits thus realized by them, and for all acts which they have committed by

reason of said stock certificates which they have acquired as aforesaid," and, in the usual form, for other and further relief.

It is unnecessary to state in detail the provisions of the reorganization agreement. The purpose of the agreement was to vest the ownership and control of the corporations in the reorganization committee as the agents, attorneys in fact, and trustees of the stockholders, bondholders, and creditors, with a view to formulating a plan for reorganization, by forming a new corporation to which the property would be transferred, and in return for which the depositors would receive a proportionate share of the stock and securities of the new corporation. It was expressly provided in the reorganization agreement that the members of the reorganization committee should not be responsible for defect or errors, and that "neither the committee nor the depositary assume any personal responsibility for the execution of such plan and this agreement, or any part thereof. The committee, however, undertake in good faith to endeavor to prepare, adopt, and execute the same. No member of the committee, nor the depositary, shall be personally liable for any act or omission of any agent or employee selected in good faith, nor for any error of judgment or mistake of law, nor in any case except for his, its or their own individual willful malfeasance or neglect; and no member of the committee shall in any case be personally liable for the act or omission of any other member of the depositary, nor shall the depositary be liable for the acts or defaults of the committee." The reorganization agreement expressly recognizes that the members of the reorganization committee were to receive, hold, and sell, or otherwise dispose of, the property as trustees for the depositors, and that their obligation to the depositors to whom certificates of deposit were to be and were issued was a trust liability. The committee were authorized to sell or pledge the property deposited under the reorganization agreement for the purpose of raising moneys "to provide for the use and operation of the business and properties of any of the said companies, or for the corporate uses of any company formed or adopted pursuant to the plan," and they were authorized to pledge the property "for the payment of any moneys borrowed or agreed to be paid and for the performance of any other obligation incurred under the powers herein conferred." The agreement provided that any depositor who might not agree to the plan of reorganization prepared by the committee might dissent therefrom and withdraw from the reorganization agreement, as therein provided, within 10 days after notice of the plan of reorganization should be mailed to him as therein provided, and might likewise withdraw, as therein provided, within one week after the final publication of notice of "any intentional change or modification or departure" from the plan of reorganization prepared by the committee "and this agreement." It does not appear that plaintiff's demand for information was made before his time to withdraw expired. No time is fixed in the reorganization agreement within which the committee are required to fully complete their duties, and the only provision thereof with respect to an accounting is that "the accounts of the committee may be filed with the depositary or with the board of directors of any company which may be organized or

adopted under such plan and this agreement, within one year from the completion of the reorganization, unless a longer time be granted by the depositary or by such board. The accounts, when approved by the depositary or by such board of directors shall be final, binding and conclusive upon all parties having any interest therein; and thereupon the committee shall be fully discharged of all liability and accountability hereunder."

The learned counsel for the appellant concedes that his client may presently be required to account for fraud or bad faith, if any existed; but he contends that, in view of the purpose of the reorganization agreement and the discretion vested in the committee, no accounting should be ordered until the work of the reorganization committee has been completed, or a reasonable time therefor has elapsed, unless fraud or bad faith is shown; and he claims that the allegations of the complaint are insufficient to admit evidence of fraud and bad faith. On the proposition that no accounting should be ordered at this time, he cites the cases of Venner v. Fitzgerald (C. C.) 91 Fed. 335, Van Siclen v. Bertel (C. C.) 95 Fed. 793, and Nichols v. Rogers, 139 Mass. 146, 29 N. E. 377; but they are not sufficiently in point to require serious consideration. The Venner Case was a suit for an injunction to restrain the further consummation of a reorganization agreement for alleged unauthorized acts of the committee in purchasing securities of the old company and distributing the securities of the new. The Van Siclen Case was a suit to enforce a liability against a reorganization committee for alleged breach of duty, and for an accounting of plaintiff's property. The case was tried upon the merits, and the court found that the plaintiff failed to show gross negligence or willful malfeasance, for which alone the committee would be liable under the reorganization agreement, but a decree was entered requiring the defendants to pay the amount for which they were found to be accountable to him. In Nichols v. Rogers a number of purchasers of a mine entered into an agreement by which they gave one of their number "sole, absolute, and untrammeled control" of their interests, and he agreed to use his best skill and judgment to recover the mine or their money. They advanced money to their trustee, who, acting under the trust agreement, purchased undivided parts of the mine and sold certain interests therein. Within three months of the date of the agreement, one of the parties requested the trustee to convey to him his interest and to render an account. This was refused, and a bill in equity was filed to require the trustee to convey to the plaintiff his interest in the property. There was no allegation of misconduct or breach of the trust in the original bill. The bill was amended by alleging that the defendant "now denies that the plaintiff has any interest" in the property purchased with plaintiff's money, " and claims to hold it to his own use, and that the defendant had not in this transaction acted in good faith, but had acted fraudulently and in bad faith." The court held that the original bill did not aver that a reasonable time had elapsed or that defendant had completed the services or abandoned his efforts under the agreement, or that he had in any respect acted in bad faith, and that the demand for a conveyance of his interest "was

not. in conformity to the agreement, but was in contravention of it."
With respect to the amendment, the court held that as the acts were not
charged to have been done before the bill was filed, they did not af-
ford ground for equitable relief under the practice in that state and
further added that the charge of fraud was too general.

The plaintiff relies upon decisions in this jurisdiction, where the rule
is uniformly held to be that an action for an accounting against a
trustee may be had at any time regardless of imputed fraud or bad
faith. Slayback v. Raymond, 93 App. Div. 326, 87 N. Y. Supp. 931,
and cases cited; Hancox v. Wall, 28 Hun, 214; Frethey v. Durant,
24 App. Div. 53, 48 N. Y. Supp. 839; Jordan v. Underhill, 91 App.
Div. 124, 86 N. Y. Supp. 620; Spier v. Hyde, 92 App. Div. 467, 87
N. Y. Supp. 285. It is quite clear that a fiduciary relation existed be-
tween the depositors and the members of the reorganization committee.
The confidence of the depositors in the members of the committee was
shown by vesting in them broad powers and great discretion, and ren-
dered it the duty of the members of the committee to act in the utmost
good faith. Industrial & Central Trust v. Tod, 180 N. Y. 215, 73 N.
E. 7. It is unnecessary to decide whether the depositors might at any
time without showing a breach of trust obtain an accounting. It may
well be that until a reasonable time had elapsed to enable the reorgani-
zation committee to perform the duties which they assumed the court
would not, in the absence of some allegation showing a breach of the
trust or gross negligence or bad faith on the part of the committee, call
them to account. In the case at bar, however, it appears that the com-
mittee had possession of this property in trust for the purposes of the
agreement for considerably more than a year, and there are allegations
of fact which, if true, tend to show that there have been breaches of
the trust. The allegations of fraud, waste, and mismanagement on the
part of the committee are not unsupported by other facts. It is un-
necessary, however, to decide whether those allegations, with the other
facts averred in connection with them, remove the case from the ap-
plication of these authorities (see Wood v. Amory, 105 N. Y. 278, 11
N. E. 636; Everett v. Everett, 180 N. Y. 452, 73 N. E. 231; Meyers
v. City of N. Y., 58 App. Div. 534, 69 N. Y. Supp. 529; Kittenger v.
Buffalo Traction Co., 160 N. Y. 377, 54 N. E. 1081; Gernheim v.
Cloott [Sup.] 10 N. Y. Supp. 438), which held that bare allegations
of fraud, waste, or mismanagement are mere conclusions of law, but
it may be observed that the decision of the court in Biddell Purchasing
Co. v. Snyder, 102 App. Div. 616, 92 N. Y. Supp. 1116, and 109 App.
Div. 679, 96 N. Y. Supp. 356, in which the allegations were quite
similar, indicates that they are. The committee had no authority,
under the reorganization agreement, to speculate with the securities
deposited with them. The allegations of this complaint are sufficient
to admit proof of the fact that these trustees speculated with the trust
funds. Moreover, a charge is made that they issued false statements to
the depositors; and, if so, it must have been with a view to influencing
their action in deciding whether or not to withdraw from the agree-
ment. These and the other allegations, to which attention has been
drawn, other allegations coupled with their refusal to give information
to the plaintiff, are not consistent with good faith. We are dealing

now only with allegations. They may not be true, but they are sufficient in a technical point of view to enable the plaintiff to present his case. If the complaint be sustained, it does not necessarily require that the organization plan be stayed or abandoned. It may be, if the proofs suffice, that the plaintiff will be entitled to an accounting for his share of the profits made by the trustees by an unauthorized use of the securities, and that the reorganization plan will be permitted to be consummated. The quantum of relief to be granted, if any, will depend altogether upon the proof, but is not material to a decision on the demurrer. I am therefore of opinion that the complaint states a good cause of action, and that the demurrer thereto was properly overruled.

It follows that the interlocutory judgment should be affirmed, with costs.

PATTERSON, and CLARKE, JJ., concur.

INGRAHAM, J. (dissenting). It seems to me that the allegations of this complaint are too indefinite and general to justify a court of equity to require an accounting by the defendants at this time. After alleging the appointment of the individual defendants as the reorganization committee under an agreement which is annexed to the complaint, and by which this committee is made the attorneys, agents, and trustees for each of the depositors of the securities of the company which was to be reorganized, and which expressly provided that "neither the committee nor the depositary assume any personal responsibility for the execution of such plan and this agreement, or any part thereof," and that "no member of the committee, nor the depositary, shall be personally liable for any act of omission of any agent or employé selected in good faith, nor for any error of judgment or mistake of law, nor in any case except for his, its or their own individual willful malfeasance or neglect, and no member of the committee shall in any case be personally liable for the act or omission of any other member of the depositary, nor shall the depositary be liable for the acts or defaults of the committee," the complaint alleges, on information and belief, that by the use of the said certificates and corporate securities the said individual defendants in their individual capacity have received and realized large sums of money and property of large value, besides that of the American Cotton Company, which should have been held and administered by them for this plaintiff and other depositors under said reorganization agreement; but said individual defendants have wasted and squandered a large amount of the said property and money, and have used for unauthorized and unlawful purposes a large portion of the balance of the same. Coupled with this allegation, the plaintiff alleges that he is wholly ignorant of the amount of money and other property so received and realized by said defendants, and of that which they so wasted and squandered, and of that so used by them for unauthorized and unlawful purposes, and is ignorant of the purposes for which said defendants have used said moneys and other property and of the manner in which the same was wasted and squandered.

Thus we have a contract signed by the plaintiff under which he appoints the committee his agents and trustees, but expressly agrees that neither member of the committee shall be responsible for any act or omission in any case except for his own individual willful ma'feasance or neglect, and that no member of the committee shall in any case be personally liable for the act or omission of any other member of the depositary.

He alleges that the reorganization committee as a whole have wasted and squandered a large amount of property and money, and used for unauthorized and unlawful purposes a large portion of the ba'ance of the same, coupled with an allegation that he does not know what property they have received or what property they have used, or the purpose for which they have used it. To justify the court in calling this committee to account before the reorganization is completed or the plans of reorganization adopted, it seems to me that there must be a distinct allegation of wrongdoing against an individual, for which, under the agreement, he is responsible. There is no allegation that all of the members of the committee joined in such a'leged misappropriation of the property and money, and where there are several members of a committee, each of whom is not liable for the acts of the other members of the committee, it seems to me that there must be at least a distinct charge that each individual member of the committee who is made a defendant has been guilty of an act which imposes a liability before a cause of action is alleged. This allegation is that the individuals as a whole have wasted and squandered the property and money, and used a sum for unauthorized and unlawful purposes, coup'ed with an allegation that the plaintiff does not know what property they received or what property they wasted and squandered, or the particular methods by which these defendants have used said moneys and other property and the manner in which the same was wasted and squandered, and is not sufficient to entitle the plaintiff to an accounting from members of the committee who were liable for their individual acts of misfeasance or malfeasance only.

The next allegation is also upon information and belief, and is that the individual defendants and some and each of them have also pledged certain of the said certificates of the shares of stock and other corporate securities deposited with them with certain banks, trust companies, and other persons, natural and corporate, to the plaintiff unknown, and have thus obtained loans of large sums of money by the use of which, in speculation in stocks, bonds, cotton, and otherwise, the said borrowers have realized large profits, which in equity belong to this plaintiff and to other depositors under said agreement, coupled with the further allegation that further particulars of the matter are to the plaintiff unknown.

It is not alleged here that these defendants have not applied any profits realized from these transactions to the benefit of the depositors or parties to the agreement, or that they claim to have any personal interest therein; that the speculations were not such as were authorized by the agreement and not carried out for the benefit of the parties to the agreement. Nor is it a'leged that in consequence of these speculations any money or property was lost. On the contrary, it is alleged

that profits were realized, which, so far as appears, were applied for the benefit of the parties to the agreement.

There is then the allegation that the defendants claim to have spent large sums of money for counsel fees, and otherwise under color of said reorganization agreement, which are alleged to have been unnecessary. But the particular defendants who have made such expenditures are not stated, and no facts are alleged to show that such expenditures were unnecessary, being a mere general allegation of a conclusion of the plaintiff's, although he expressly disclaims knowledge of the particulars in relation to the expenditures.

There is also an allegation that the defendants have in a manner to the plaintiff unknown, by negligence and misfeasance, wasted and misapplied the assets of the property which they have thus acquired, and have depreciated the value of the certificates of stock and other securities deposited with them, to the great loss of the plaintiff and others. This allegation certainly can sustain no cause of action against anybody.

The allegation that the American Cotton Company became insolvent and a receiver was appointed by a Vice Chancellor of the state of New Jersey gives no cause of action.

It is then alleged that the defendants have issued their plan of reorganization provided for by the agreement, but that the plaintiff has not accepted that plan.

It thus appears that the object for which this committee was appointed has not yet been accomplished, but is at present in process of accomplishment. Assuming that after the completion of the plan any party to the agreement would have the right to call the trustees to account, it was clearly contemplated that the committee should proceed with their work, and pending the final completion of the work, to entitle a party to the agreement to call on the trustees or agents to account, there must be some specific allegation of wrongdoing as against some specific member of the committee, for which, under the agreement, he is liable. Such general allegations on information and belief as are here contained, coupled with an express statement that the particulars necessary to entitle a party to such an agreement to any relief are unknown, seem to me entirely insufficient upon which to base an application to a court of equity for judgment.

I am therefore of the opinion that this complaint fails to state a cause of action, and that the judgment should be reversed and the demurrer sustained.