SAMUEL BATTLEMAN, Respondent, v. ESTATE OF CHARLES FREDERICK HOFFMAN and Others, Defendants, and THE CITY OF NEW YORK, Appellant.— Order denying the motion of the appellant to change the place of trial of the action from the county of Kings to the county of New York reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs. Section 262 of the old Greater New York Charter provides that the Supreme Court shall have exclusive jurisdiction over all actions wherein the City of New York is made a party defendant, and that all such actions shall be tried in the county within the city of New York in which the cause of action arose, or in the county of New York, subject to the power of the court to change the place of trial in the cases provided by law. The cause of action arose in New York county and consequently must be tried in that county. (Knowles v. City of New York, 71 App. Div. 410.) Section 262 of the old Greater New York Charter was not repealed or superseded, and since it is not inconsistent with the provisions of the new New York City Charter it is still in force and effect, and defendant's motion for a change. of venue from Kings county to New York county should have been granted. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

EMIL BENSON, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— In an action to recover damages for personal injuries sustained by the plaintiff, who was struck by a trolley car of the defendant at a street intersection, judgment in favor of the plaintiff, entered upon the verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

RENEE BERKOWITZ, an Infant, by IDA BERKOWITZ, Her Guardian ad Litem, and JACOB BERKOWITZ, Appellants, Respondents, v. THE CITY OF NEW YORK, Respondent, BELLA S. LEVINE, Appellant, and WILLIAM E. HOWES, Defendant.— Action for damages for personal injuries suffered by the infant plaintiff claimed to have resulted from the negligence of the defendants in the X-ray treatment administered to the infant, and companion action by her father for medical expenses and loss of service. At the close of the case plaintiffs' complaint in the action against the City of New York was dismissed. On the verdict of the jury judgment was rendered against Bella S. Levine, the X-ray technician, in favor of the plaintiffs. The plaintiffs appeal from so much of the judgment as dismissed the complaint in the action against the City of New York, and defendant Levine appeals from so much thereof as was entered on the verdict of the jury against her in the sum of $18,000 and costs in favor of the infant, and in the sum of $2,000 and costs in favor of the infant's father. Judgment in the action against the City of New York dismissing the plaintiffs' complaint unanimously affirmed, with costs. (Schloendorff v. New York Hospital, 211 N. Y. 125; Phillips v. Buffalo General Hospital, 239 id. 188.) Judgment in favor of the plaintiffs against defendant Levine reversed on the facts and a new trial granted, costs to abide the event. As to that defendant, the verdict is against the weight of the evidence. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

ESTHER M. BOYD, Respondent, v. WILLIAM S. BOYD, Appellant.— Judgment of separation unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Johnston, Taylor and Close, JJ.