MAHALA L. GETMAN, RESPONDENT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANT.

*Actions against the city of New York — constitutionality of section 1103, chapter 410, Laws of 1882 — place of trial — change of venue.*

Section 1103 of chapter 410 of the Laws of 1882 (the New York city consolidation act), which provides that the Supreme Court in the first judicial district, and the New York Court of Common Pleas and Superior Court, shall have exclusive jurisdiction of all actions or special proceedings against the mayor, aldermen and commonalty of the city of New York, while unconstitutional in so far as it limits the general jurisdiction of the Supreme Court of the State over parties and subject-matter, is valid as a statute making actions against the municipality local and fixing their place of trial.  (HERRICK, J., dissenting.)

Hence, the place of trial of an action against the corporation of the city of New York, commenced in the Supreme Court in a county other than New York, should, on motion of the defendant, be changed to the city and county of New York by force of said statute.  (HERRICK, J., dissenting.)

*It seems,* that if no motion for a change of venue is made, such an action, while made local by the above statute, may, by force of section 985 of the Code of Civil Procedure, be tried in the county designated in the complaint as the place of trial.

APPEAL by the defendant, the Mayor, Aldermen and Commonalty of the City of New York, from an order made at a Special Term of the Supreme Court, entered in the office of the clerk of the county of Saratoga on the 15th day of June, 1892, denying a motion made by the defendant to change the place of trial of this action from the county of Saratoga (which was the county named in the summons and complaint as the place of trial) to the city and county of New York.

The action was for an alleged injury to the plaintiff by falling on the sidewalk on One Hundred and Sixth street in the city of New York. Before making the motion to change the place of trial, the defendant demanded, in writing, that the place of trial be changed to the city and county of New York, on the ground that that county was the proper place of trial.

*Terence Farley,* for the appellant.

*William P. Butler* and *Edgar T. Brackett,* for the respondent.

MAYHAM, P. J.:

This motion, to change the place of trial, was, as appears by the order, denied by the learned justice at Special Term, not in the exercise of the discretion vested in the Special Term on motions of this character, but upon the sole ground that section 1103 of chapter 410 of the Laws of 1882, by which actions against the mayor, aldermen and commonalty of the city of New York were made local and triable in the city and county of New York, is unconstitutional. The only question raised for consideration on this appeal is as to the correctness of that conclusion.

The language employed in the section referred to upon this subject is as follows: "The Supreme Court in the first judicial district, the Court of Common Pleas and the Superior Court shall have exclusive jurisdiction of all actions or special proceedings wherein the mayor, aldermen and commonalty thereof are made a party defendant."

The language of this act relates to the jurisdiction of the court, and not to the methods of procedure in the court after it has acquired jurisdiction. The legislative attempt to confer on the courts named in the act exclusive jurisdiction, by necessary implication excludes the Supreme Court in any other part of the State from entertaining jurisdiction of an action against the mayor, aldermen and commonalty of New York, and thus deprives the court having general jurisdiction of its exercise of that jurisdiction over a municipality or artificial person within its territorial jurisdiction.

This we have held is a violation of article 6, section 6 of the State Constitution, which confers upon the Supreme Court jurisdiction as wide as the boundaries of the State, and embraces every person, material or artificial, within its boundaries. (*Mussen* v. *Ausable Granite Works, Impleaded with the Mayor, Aldermen and Commonalty of New York*, 63 Hun, 368.)

It is true that this constitutional provision does not prohibit the legislature in a proper case from fixing the place of trial of an action, or from declaring what are local and what are transitory actions, and we are left on this motion to determine whether this provision of the statute, while unconstitutional, in so far as it restrains the jurisdiction of the court, is not valid as a statute for the purpose of fixing the place of trial of an action against this municipality.

This motion does not proceed upon the theory that the bringing of this action is a nullity because not brought in New York county, but rather, treating the action as well brought, seeks to change the place of trial from the county of Saratoga to the county of New York, because, by section 1103 of chapter 410 of the Laws of 1882, New York county is the county in which it must be tried.

The question involved is not precisely like the one that was before this court and disposed of in 63 Hun, 368 (*supra*). In that case the demurrer struck at the very root of the action. It assumed that, by the provisions of section 1103 of the statute, the jurisdiction of the court was restricted, and that the Supreme Court of the State was shorn of the power of exercising its jurisdiction over a party within the State limits.

On this motion the jurisdiction of the court over the persons and subject-matter is recognized and conceded, but the place of trial is sought to be regulated by the statute. This, I think, may be done provided this action, by reason of its being prosecuted against the municipality in this form, is made a local action by this provision of statute.

While the language of this act is broad enough, if the legislature had the power, to limit the territorial jurisdiction of the Supreme Court, and to deprive the court outside of the county of New York from the exercise of any of its judicial functions in an action against the mayor, aldermen and commonalty of that city, and, as we have seen, is, to that extent, unconstitutional and void; yet I am inclined to the opinion that the legislative intent was only to make actions prosecuted against the city in that form local actions, and to make them triable in that county, and that the action, notwithstanding that provision of statute, might be legally tried in Saratoga county, subject to the power of the court, on motion, to change it to the proper county under the provisions of section 985 of the Code of Civil Procedure. That section provides that: " If the county designated in the complaint as the place of trial is not the proper county, the action may, notwithstanding, be tried therein, unless the place of trial is changed to the proper county upon the demand of the defendant, followed by the consent of the plaintiff, or the order of the court."

It follows, therefore, that the action was properly brought in

Saratoga, so far as giving the court jurisdiction of the parties. and subject-matter, subject to the right of the defendant to have the place of trial changed to the proper county, and that section 1103 of chapter 410 of the Laws of 1882 could not, and does not, divest the court of jurisdiction, but only affects the location of the action as to the place of trial, and this construction was given by this court at General Term in the second department to the provisions of section 8 of chapter 853 of Laws of 1868, the provisions of which are, substantially, like section 1103 now under consideration.

In *City of Brooklyn* v. *Mayor*, etc. (25 Hun, 612), the court changed the place of trial from Kings to New York, and, in discussing this statute, say: "The intention of the legislature evidently was to require that actions brought against the defendant should be brought in the city and county of New York. That the legislature has power to prescribe the county in which particular actions shall be brought and tried admits of no dispute."

After this judicial construction of the effect of the provisions of section 8 of chapter 853 of Laws of 1868, the same provision was incorporated in section 1103 of chapter 410 of Laws of 1882, and we think its provisions, under similar circumstances, should receive a similar construction.

The order of Special Term should be reversed, with ten dollars costs and printing disbursements.

HERRICK, J.:

I am not prepared to assent to the proposition that the legislature can compel all classes of actions to be brought and tried in a particular county, and thus deprive the Supreme Court of its power, in furtherance of justice, to change the place of trial from one county to another; that is a power that was possessed by the Supreme Court at the time of the adoption of the Constitution of 1846, a power which was possessed by the Kings Bench of England.

Actions relating to real estate have, from the beginning, been regarded as local actions, and statutes or decisions rendering or holding them triable in the county where the real estate is situated do not affect this question, the Supreme Court never having had the power to change the place of trial of such an action when it was brought in the county where the real estate was situated; a statute

confining the trial of such actions to the county where the property is situated deprives the court of no power it ever possessed.

It seems to me that a construction that holds that section 1103 of chapter 410 of the Laws of 1882 is to be regarded, not as limiting the jurisdiction of the court, but simply as making certain actions local, is rather too delicate to be substantial; the result is the same, the court cannot change the place of trial to any other county.

I see no reason to change the views expressed in *Mussen* v. *Ausable Granite Company* (63 Hun, 367). But it does not, it seems to me, follow that because the law in question is held unconstitutional, that, therefore, the motion for a change of venue in this action should be denied. The constitutionality of the law is not necessarily involved in the decision of this case. The motion is made upon the grounds that New York is the proper county, and for the convenience of witnesses. The cause of action arose in New York county, the accident happened there, and, while the court has jurisdiction to try it in some other county, yet, when a motion is made to change the place of trial to the county where the transaction giving rise to the action took place, and no reasons are given for denying the motion except such as are advanced in this case, I think the motion should be granted, and that the order of the Special Term should be reversed.