(69 Misc. Rep. 208.)

WHITEHEAD BROS. CO. v. DOLAN et al.

(Supreme Court, Special Term, Albany County.   October, 1910.)

1. VENUE (§ 56*)—CHANGE OF VENUE—NECESSITY OF DEMAND.
   Code Civ. Proc. § 986, requiring that demand for change of venue must be served on the opposite party, stating the county to which the action is to be transferred, is not directory merely, but a necessary condition precedent to a change of trial.
   [Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 84–86; Dec. Dig. § 56.*]

2. VENUE (§ 77*)—CHANGE OF VENUE—DEMAND—WAIVER OF VERDICT.
   A demand by defendant, under Code Civ. Proc. § 986, for change of venue on grounds stated in section 982, is insufficient to change the place of trial on the grounds stated in section 984, and the omission of defendant to state the latter grounds in his demand is a waiver thereof.
   [Ed. Note.—For other cases, see Venue, Dec. Dig. § 77.*]

Action by the Whitehead Bros. Company against Michael Dolan and Mary Dolan.   On motion to change place of trial.   Denied.

Countryman, Nellis & Du Bois (Pierre E. Du Bois, of counsel), for plaintiff.

N. A. Calkins, for defendants.

LE BOEUF, J.   The defendants in this action served upon the plaintiff with their answer a demand to change the place of trial from Albany to Greene county, stating for their ground, "the action being one within the provisions of section 982 of the Code of Civil Procedure." The action is not such an action, and the plaintiff properly failed to consent to or notice the demand.   The plaintiff served its reply and noticed the cause for trial at the Albany term.   Subsequently these defendants moved this court at Special Term for an order to change the place of trial, setting up in the affidavit that the plaintiff was a foreign corporation, the defendants residents of the county of Greene, and that the cause of action arose in the county of Greene, and, further, the service of demand and failure of plaintiff to consent to the change of place of trial.   The notice of motion did not set up the grounds for the proposed application.   The facts were conceded on the hearing, and it appears conclusively that section 982 does not apply.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

The defendants, however, assert that under section 984 of the Code the action must be tried in the county in which one of the parties resided at the time of the commencement thereof, and that they have served a proper demand under section 986, and were therefore entitled as a matter of right to their order. It is apparent that in the demand no notice whatever was given the plaintiff of the claim now made at Special Term. If the provisions of section 986 are simply directory, the defendants are entitled to the order asked.

Some authority is to be found in the books for that view of this section of the Code. McConihe v. Palmer, 76 Hun, 116, 27 N. Y. Supp. 832, fully confirms that view. This decision, however, seems to be entirely at variance with earlier authorities which construe similar provisions in the old Code of Procedure. Rumsey's work on Practice maintains a contrary view of the meaning of this section, and that view seems to be supported by Phillips v. Tietjen, 108 App. Div. 9, 11, 95 N. Y. Supp. 469. In that case, Mr. Justice Hirschberg quoted freely from Rumsey's Practice in deciding that plaintiff was entitled under section 986 to have an opportunity, by demand made upon him, to consent in a proper case to the change of place of trial to a proper county. Many other decisions since McConihe v. Palmer indicate that a demand is deemed absolutely necessary by the courts before a party may claim as a matter of right that the place of trial should be changed.

In this case, therefore, the provisions of section 986 can hardly be deemed to be directory. The plaintiff was entitled to know the basis of the defendants' claim that the place of trial should be changed. There was absolutely nothing in the demand to indicate that the defendants claimed Greene county the proper county for any other reason than an untenable claim under section 982. The plaintiff was entirely warranted in disregarding this notice.

The pleadings were served and the case noticed for trial by the plaintiff. It does not appear now, under these circumstances, that there has been a compliance with section 986. It is evident that at the time of the service of this notice defendants were waiving their right on this ground to claim a change of venue. They of their own volition placed their claim upon another ground. Seventeen days later the defendants for the first time gave the plaintiff some reason to believe by their affidavit that jurisdictional facts might exist to warrant a demand upon another ground, though the notice of motion does not specify this other ground. In this time there might have been a change of mind on the part of the defendants as to the ground upon which they claimed this right. It does not appear to me, however, that because of this change of front the demand previously served upon an erroneous assumption should be revived and given force upon this new ground.

The statutory demand under the circumstances had not been served. Waiver in other cases has been deemed fatal to a later claim of right. The waiver here existing is as serious as that found in other cases, and the application should be denied, but without costs.

Application denied.