In the Matter of Supplementary Proceedings: RAILROAD CO-OPERATIVE BUILD-ING & LOAN ASSOCIATION, Respondent, v. LEWIS A. COCKS, Appellant.— Order denying motion to vacate and set aside an order to examine a judgment debtor in proceedings supplementary to judgment affirmed, with ten dollars costs and disbursements; the examination to proceed on five days' notice. The Supreme Court of the State of New York is a court of general jurisdiction (State Const. art. 6, § 1), and its jurisdiction in law and equity extends to the whole State. Section 183 of the Civil Practice Act does not affect the jurisdiction of the Supreme Court, but determines only the county of trial. (*Cragin* v. *Lovell*, 88 N. Y. 258, 263.) If the defendant does not avail himself of the provisions of the Civil Practice Act to have the cause moved to the proper county for trial, a judgment in an action affecting real property brought in a county other than that designated as the proper county is valid. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.

In the Matter of the Application of MANUFACTURERS TRUST COMPANY, as Coexecutor and Cotrustee of the Last Will and Testament of JOSEPH SCHRIER, Late of the County of Kings, Deceased, to Be Allowed to Resign as Such Coexecutor and Cotrustee. HAROLD SCHRIER and ISAAC SCHRIER, as Coexecutors and Cotrustees, etc., of JOSEPH SCHRIER, Deceased, Appellants; WILLIAM C. McCREERY, as Special Guardian of Infants, etc., Respondent.— Order of the Surrogate's Court of Kings county allowing certain proposed amendments to case on appeal reversed on the law and the facts, without costs, and motion denied, without costs. While technically the special guardian would be entitled to have the entire record before this court in determining the value of his services, the court is of the opinion that the estate should not be involved in a considerable expenditure for unnecessary printing in view of the appellants' assertion that there is sufficient in the record now before the court to determine the value of the services. The court agrees with appellants' view and is of the opinion that the special guardian's services were of the value determined by the surrogate. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.

In the Matter of the Judicial Settlement of the Account of AGNES E. SLATTERY, as Administratrix, etc., of ELLEN E. SLATTERY, Deceased. JOHN J. SLATTERY, Appellant; AGNES E. SLATTERY, as Administratrix, etc., of ELLEN E. SLATTERY, Deceased, Respondent.— Order of the Surrogate's Court of Queens county, denying the motion to vacate and set aside the decree settling the accounts of the administratrix, affirmed, without costs. No opinion. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.