Lewis J. Rosenbloom, Respondent, v. Springdale Distilling Company, Inc., Appellant.— Order respecting place of trial reversed on the facts as matter of discretion, with ten dollars costs and disbursements, and defendant's motion to change the place of trial from Erie to Kings county granted, with ten dollars costs, and plaintiff's motion to retain the place of trial in Erie county denied, without costs. Order for examination before trial so far as appealed from modified on the law and facts as matter of discretion by striking out the words "or consumers" in subdivision 2 of the second ordering paragraph, and as modified affirmed, without costs. Memorandum: In view of the fact that the removal of defendant's books and records from Kings county to Erie county is likely to cause serious embarrassment to the defendant in the conduct of its business and of the further fact that the contract of hiring was made in Kings county and that defendant's officers and employees are necessary and material witnesses, we think the ends of justice will be promoted by changing the place of trial to Kings county. All concur. (One order denies defendant's motion for change of place of trial from Erie to Kings county and grants plaintiff's cross-motion to retain the place of trial in Erie county. The part of the other order appealed from grants plaintiff an examination before trial.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

Albert L. Siegler, Appellant, v. Massachusetts Accident Company, Respondent. (Action No. 1.) Massachusetts Accident Company, Respondent, v. Albert L. Siegler, Appellant. (Action No. 2.) — Order affirmed, with ten dollars costs and disbursements. Memorandum: While it is true that respondent's cause of action in the equity action could be interposed as a defense and counterclaim to the appellant's cause of action as set up in the law action, and the two actions might well be consolidated, nevertheless the management of the court calendar is so largely a discretionary act of the trial court that, in the absence of clear abuse, its action should not be disturbed. (*Continental Rubber Works* v. *Tri-Continental Corp.*, 206 App. Div. 643; *Schenectady Holding Co., Inc.*, v. *Ashton*, 204 id. 348.) All concur. (The order denies Albert L. Siegler's motion to dismiss the complaint in Action No. 2, or to stay the trial in Action No. 2 pending determination of Action No. 1; and stays the trial of Action No. 1 until the determination of Action No. 2 upon the filing of an undertaking. The action is on an accident and health insurance policy.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.