JOHN R. MASCH, Appellant, *v.* CITY OF NEW YORK, Respondent.

First Department, December 20, 1945.

*Lionel S. Popkin* of counsel (*Albert Trepel* with him on the brief; *Hess, Mela & Popkin,* attorneys), for appellant.

*Fred Jacobs* of counsel (*Ignatius M. Wilkinson, Corporation Counsel*), for respondent.

MARTIN, P. J. The plaintiff brought this action to recover damages for personal injuries sustained as the result of defendant's alleged negligence. The defendant is the City of New York. The automobile collision, out of which the plaintiff's claim arises, occurred in the county of Queens. This action was instituted in New York County. The defendant made due demand upon the plaintiff that the place of trial be changed to Queens County. The plaintiff refused to comply with such demand. The defendant then moved for change of venue from New York County to Queens County and the motion has been granted.

Section 182-b of the Civil Practice Act reads as follows: " § 182-b. *Place of trial of actions against the city of New York.* All actions wherein the city of New York is made a party

defendant shall be tried in that county within the city of New York in which the cause of action arose, or in the county of New York, subject to the power of the court to change the place of trial in the cases provided by law."

The source of this section is section 262 of the old Greater New York Charter (L. 1901, ch. 466).

In *Lofquist* v. *City of New York* (N. Y. L. J., Jan. 13, 1909, p. 1578, col. 2), the court said: "Prior to the charter the New York City Consolidation Act (chap. 410, Laws 1882, sec. 1103) directed that actions against the city should be brought in the City and County of New York. The power of the Legislature to enact such provision has been sustained (*B'klyn* v. *Mayor,* 25 Hun 612; *Getman* v. *Mayor,* 66 Hun 236). When other counties were included in the greater city it became necessary to make provision for the place of trial of actions which arose against the municipality in counties other than New York and within its territorial confines. This gave rise to section 262, which aimed to cover all cases brought against the city. If the cause of action arose in a county within the limits of the city the proper place of trial is such county. If, however, it arose in a county outside of such boundary lines, then the place of trial must be the County of New York, ' subject to the power of the court to change the place of trial in the cases provided by law.' "

Mr. Justice McAvoy in *Shepherd* v. *City of New York* (N. Y. L. J., July 26, 1918, p. 1294, col. 5) stated: "Motion granted. Place of trial will be changed to Kings County. Since the cause of action arose in that county the charter provision (sec. 262) governs. The alternate right to bring the action in the County of New York arises only where the cause arose outside the limits of any county within the city; otherwise the imperative ' shall ' in the first clause of section 262 is meaningless."

The provisions of section 262 of the Greater New York Charter, which are now set forth in section 182-b of the Civil Practice Act, were considered by the court in *Lofquist* v. *City of New York* (*supra*) and *Shepherd* v. *City of New York* (*supra*). The courts there properly interpreted the meaning of the provisions. We find nothing in the record to warrant an exception to the general rule.

The order appealed from should be affirmed, with $20 costs and disbursements.

TOWNLEY, CALLAHAN, WASSERVOGEL and PECK, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondent.