GEORGE REEVE et al., on Behalf of Themselves and All Others Similarly Situated, Plaintiffs, *v.* WILLIAM O'DWYER, Individually and as Mayor of the City of New York, et al., Defendants.

Supreme Court, Special Term, Albany and Rensselaer Counties, June 23, 1950.

*John E. Egan* for plaintiffs.

*John P. McGrath, Corporation Counsel (Arthur J. Goldsmith* and *William A. Marks* of counsel), for defendants.

BOOKSTEIN, J. All of the defendants herein, except defendant Howell, are duly elected or appointed officials of the City of New York and are sued in their representative capacities. The City of New York, *eo nomine,* is not a party defendant.

The venue of the action is laid in Ulster County, wherein all the plaintiffs reside, so that unless there is specific provision of law to the contrary, Ulster is a proper county.

Defendants, in compliance with rule 146 of the Rules of Civil Practice, have served in due season a demand for a change of the place of trial to New York County, as a matter of right, pursuant to section 182-b of the Civil Practice Act.

Plaintiffs oppose the demand on the ground that this action is not brought against the City of New York and that section 182-b, therefore, has no application.

The defendants ask, under section 105 of the Civil Practice Act, that their demand be amended to include section 182-a, if that be deemed necessary, in view of the contention raised by plaintiffs.

Section 182-a, so far as pertinent, provides as follows: '' The place of trial of all actions ana proceedings against a city or any of its officers, boards or departments shall be the county in which the city is situated ''.

The language of this section is all inclusive and it applies to the City of New York.

Since the City of New York contains within its borders, five counties, special provision had to be made for New York City, *in addition to* section 182-a.

Such special provision is found in section 182-b, which reads as follows: '' All actions wherein the city of New York is made a party defendant shall be tried in that county within the city of New York in which the cause of action arose, or in the county of New York, subject to the power of the court to change the place of trial in the cases provided by law ''.

That section means that when the City of New York is a party, the action must be brought in that one of the five counties in the city of New York in which the cause of action arose, and if it arose outside of said five counties, then it must be brought in New York County. (*Masch* v. *City of New York,* 270 App. Div. 182.)

Does that section also apply where the action is not, *eo nomine,* against the city of New York but rather is against '' its officers, boards or departments ''?

This court has reached the conclusion that it does.

The two sections read together mean that any action brought against any city, or any of its officers, boards or departments shall be the county in which the city is located and since, except for the city of New York, every city is contained within a single county, special provision had to be made for that city, with respect to which of the five counties, in which it is located, should be the venue of actions against it. And the omission in the section dealing with that subject of the words '' or any of its officers, boards or departments '' was not made with the intention of making a distinction in actions in which the City of New York was made a party defendant and those in which '' its officers, boards or departments '' are named defendants. There is no logical reason for any such distinction. It would be contrary to the fundamental reasons for the existence of the two sections in question, which is so aptly expressed in *Foley* v. *Town of Hempstead* (241 App. Div. 1, 2) as follows: '' Probably these exceptions were enacted because it was considered to be inconsistent with the public interest to require public

officers and the employees of cities of the second class to suspend performance of their duties in order to attend a trial in a distant county of the State. No doubt a further reason was the inconvenience, and the danger also, of allowing records to be taken from the county where, at any moment, they might be required in relation to the public business ''.

Moreover, to sustain the contention of plaintiffs would necessarily imply a determination that section 182-a does not apply to New York City and that only section 182-b applies. This court's conclusion is that section 182-a does apply to every city in the State including New York City and that section 182-b is supplementary to section 182-a, applying only to New York City, because the territory of that city is co-extensive with the borders and boundaries of five counties.

There is authority for plaintiffs' contention that, defendants having made their demand under section 182-b, they cannot now move under section 182-a. (*Whitehead Bros.* v. *Dolan,* 69 Misc. 208.) However, the demand in this case was under section 182-b '' and all laws of the State of New York amendatory thereof and supplemental thereto ''.

As already indicated, this court is of the opinion that sections 182-a and 182-b do supplement each other and hence the demand is broad enough for defendants to move under both sections, under their demand. In any event, if an amendment of the demand be deemed necessary, it is granted under section 105 of the Civil Practice Act.

In this view, defendants are entitled, as of right, to a change of venue to New York County.

*Bee Line* v. *LaGuardia* (244 App. Div. 151) and *County of Westchester* v. *Department of Health of City of New York* (297 N. Y. 491) are not authorities contrary to the conclusion reached herein.

In *Bee Line* v. *LaGuardia* (*supra*), Queens was a proper county under sections 182-a and 182-b of the Civil Practice Act since Queens was one of the five counties of New York City and Queens was the county within the city of New York in which the busses to be interfered with were operating, so that the cause of action arose in Queens County, in the city of New York.

In *County of Westchester* v. *Department of Health of City of New York* (297 N. Y. 491, *supra*) the denial of the motion to change the place of venue from Westchester County to New York County, was by reason of section 118 of the Westchester County Charter [L. 1937, ch. 617] which expressly provided

that Westchester County shall be the place of venue of any action in which Westchester County was a party. That special provision of law took precedence over the general provisions of sections 182-a and 182-b of the Civil Practice Act and constitutes an exception thereto.

On the oral argument, plaintiffs contended further that Ulster is the proper place of trial under section 183 of the Civil Practice Act because real property located in Ulster County is involved in the action. While real property is or may be affected by the ultimate determination herein, the action is not of such a nature affecting real property as is contemplated by section 183 of the Civil Practice Act. (See 4 Carmody on New York Practice, § 1157, p. 2610.)

Plaintiffs contend that Ulster is a proper county under subdivision 2 of section 184 and cite *Murphy* v. *Callan* (69 App. Div. 413) in support of that contention. In that case the action was against a town officer for an act done in his official capacity in the county in which he held office. The court held under subdivision 2 of section 983 of the Code of Civil Procedure (now Civ. Prac. Act, § 184, subd. 2) that the action must be brought in the county in which the cause of action arose.

However, the case at bar is against officials of the City of New York and not officials of any municipal corporation within the county of Ulster.

Indeed, I think it might well be said that just as sections 182-a and 182-b require actions against cities or their officials to be brought in the counties in which such cities are located, so subdivision 2 of section 184 requires actions against officers of municipal corporations, *other than cities,* to be brought in the counties in which the causes of action arise.

Plaintiffs have made a cross motion to retain the venue in Ulster County, for the convenience of witnesses, in the event that the court reaches the conclusion that defendants are entitled as of right, to a change to New York County.

While plaintiffs and their witnesses will doubtless be inconvenienced by a trial in New York County, such inconvenience, when measured against the inconvenience to the defendants and their witnesses, and the production of books and records, and especially in light of the principles which lead the Legislature to enact the provisions for trial of actions against cities to be held in the counties in which they are located, does not justify granting the application to retain the venue of this action in Ulster County. (See *Brooklyn Nat. Bank of New York* v. *Incor-*

*porated Village of Rockville Centre,* 236 App. Div. 812, and *Rosenbloom* v. *Springdale Distilling Co.,* 255 App. Div. 1031.)

Defendants' motion to change place of trial is granted; the cross motion of plaintiffs to retain the venue in Ulster County is denied. Submit order.