DORA RUBENSTEIN et al., Plaintiffs, *v.* BERNARD R. SILBERT. Defendant.

DORA RUBENSTEIN et al., Plaintiffs, *v.* INCORPORATED VILLAGE OF VALLEY STREAM, Defendant.

Supreme Court, Special Term, Kings County, July 24, 1951.

*Bernard R. Schulman* for plaintiffs.

*Frederick Mellor* for Bernard R. Silbert, defendant.

*Edward E. Edstrom* for Incorporated Village of Valley Stream, defendant.

KEOGH, J. The plaintiffs move to consolidate an action instituted by them in the Supreme Court of Nassau County against the Incorporated Village of Valley Stream with an action instituted by the same plaintiffs in the Supreme Court of Kings County against the defendant Bernard R. Silbert. Both actions arose out of a single accident. In opposition to the motion the defendant Incorporated Village of Valley Stream contends that the action against it must be tried in Nassau County and cites section 341-e of the Village Law which provides that the place of trial of all actions and proceedings against a village shall be in the county in which the village is situated. That statute does not deprive the Supreme Court of Kings County of jurisdiction over an action against the defendant village (*Herricks Road Corp.* v. *Godfrey,* 63 N. Y. S. 2d 447). The Supreme Court has general jurisdiction in law and equity (N. Y. Const., art. VI, § 1).

Moreover, section 341-e of the Village Law must be read in conjunction with section 96 of the Civil Practice Act which provides for the consolidation of actions whenever it can be done without prejudice to a substantial right. The courts have frequently changed the venue of actions in ordering consolidations (*Pasher* v. *Reisenberg,* 87 N. Y. S. 2d 872; *Lee* v. *Schmeltzer,* 229 App. Div. 206).

Motion to consolidate granted and the consolidated action shall be tried in Kings County. Settle order on notice.