JULIA M. WEBER, Respondent, *v.* ILBERT O. LACEY et al., Defendants, and CITY OF LOCKPORT, Appellant.

Fourth Department, March 4, 1953.

*Ogden R. Brown* for appellant.

*Richard B. Congdon* and *G. Sydney Shane* for respondent.

VAUGHAN, J. The question before the Special Term was whether the court, under the provisions of subdivision 3 of section 187 of the Civil Practice Act, which authorizes a court to change the place of trial " Where the convenience of material witnesses and the ends of justice will be promoted by the change ", can override what appears to be the mandatory provisions of section 182-a of the Civil Practice Act, providing that the place of trial against the city " shall be the county in which the city is situated ", and permit the trial to be held in a county other than that in which the city is situated.

Plaintiff, the occupant of one of two automobiles involved in the collision which occurred in Cattaraugus County, seeks to recover damages for personal injuries sustained at the time of said collision. The two individual defendants were the occupants — one being the operator — of the other car. The individual defendants were engaged at the time upon the business of the defendant City of Lockport. Action against the three named defendants was commenced in Cattaraugus County. Following service of the summons and complaint, the defendant city duly demanded that the place of trial of said action be changed from the county of Cattaraugus to the county of Niagara on the ground that the county of Niagara is the proper county, being the county in which the defendant city is situated. The plaintiff not consenting, the city then moved at Erie Special Term for a change of venue from Cattaraugus County to Niagara County pursuant to section 182-a of the Civil Practice Act. The plaintiff by cross motion sought to retain the venue in Cattaraugus County on the grounds of convenience of witnesses and that the ends of justice would be promoted thereby. The

Special Term denied defendant's motion and granted plaintiff's cross motion. We agree with the determination reached by the Special Term.

It is provided by section 182 of the Civil Practice Act that all actions in Supreme Court not specified in sections 182-a, 182-b, 183, 184 and 184-a must be tried in the county in which one of the parties resided at the commencement thereof. The language of section 186 of the Civil Practice Act clearly indicates that the statutory direction as to place of trial of an action specified in the five sections above referred to is not jurisdictional and does not curtail the general jurisdiction of the Supreme Court.

In our opinion, sections 182-a, 182-b, 183, 184 and 184-a merely designate the proper county for trial of the actions therein specified and are subject to the power afforded by section 187 of the Civil Practice Act to change the place of trial in a proper case for the convenience of witnesses.

In *Railroad Co-operative Building & Loan Assn.* v. *Cocks* (248 App. Div. 905) the court had under consideration the mandatory effect of section 183 of the Civil Practice Act relating to actions affecting real property. Referring to that section, the court said: " The Supreme Court of the State of New York is a court of general jurisdiction (State Const., art. 6, § 1), and its jurisdiction in law and equity extends to the whole State. Section 183 of the Civil Practice Act does not affect the jurisdiction of the Supreme Court, but determines only the county of trial. (*Cragin* v. *Lovell,* 88 N. Y. 258, 263.) If the defendant does not avail himself of the provisions of the Civil Practice Act to have the cause moved to the proper county for trial, a judgment in an action affecting real property brought in a county other than that designated as the proper county is valid."

Section 182-a relating to actions against municipalities has no more mandatory effect than section 183. It merely designates the proper county for the trial of actions against a city. In like manner, section 183 designates the proper county for the trial of real property actions. Neither section curtails the jurisdiction of the Supreme Court in any county. It is well settled law that when sovereign immunity is waived, the State may attach conditions and limitations to the *right to bring the action.* Section 182-a, however, does not attempt to curtail such right. It is not a condition or limitation upon the right to bring the action. It merely prescribes the proper county for the place of trial.

We reach the conclusion that section 182-a must be read in connection with section 187 which confers full power upon the court to change the place of trial from the proper county to another county for the convenience of witnesses and in the interests of justice.

The conclusions expressed herein are supported by *Gorman* v. *South Boston Iron Co.* (32 Hun 71); *People* v. *Coughtry* (58 Hun 245); *Herbert* v. *Griffith* (2 App. Div. 566); *Czarnowsky* v. *City of Rochester* (55 App. Div. 388, affd. 165 N. Y. 649) and *Lyman* v. *Gramercy Club* (28 App. Div. 30).

It follows that the order appealed from should be affirmed.

Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and WHEELER, JJ.

Order affirmed, with $10 costs and disbursments.