COMMISSIONERS OF STATE INSURANCE FUND, Plaintiffs, *v.* LEO BLANK, Doing Business as MODERN HOMES Co., Defendant.

Supreme Court, Special Term, New York County, January 21, 1954.

*Bernard Katzen, William H. Steiglitz, Harry Schechter* and *Raymond C. Green* for plaintiffs.

*Benjamin M. Goldstein* for defendant.

MATTHEW M. LEVY, J. This action is brought to recover premiums alleged to be due on a policy of insurance issued pursuant to the Workmen's Compensation Law. The plaintiffs move to strike out the three affirmative defenses contained in the answer.

The first defense claims misnomer of parties plaintiffs. Section 93 of the Workmen's Compensation Law provides that actions may be brought " in the name of the commissioners of the state insurance fund ", and in the present suit the plaintiffs are so named. The defendant contends that the statute thus worded means that the action must be titled in the personal names of the individual commissioners for the time being, suing collectively as the Commissioners of the State Insurance Fund. The contention is unsound from the point of view of statutory construction and unwise in the light of the ever-growing desire for procedural simplicity. The action has been properly and suitably brought, and the defense of misnomer is insufficient and stricken. (See Civ. Prac. Act, § 213, eff. Sept. 1, 1952.)

The second defense alleges that plaintiffs did not properly classify defendant's employees and did not make a proper audit of the payroll records. The premium rates were fixed by the commissioners in pursuance of the authority provided in the Workmen's Compensation Law (§ 89), and criticism of the classification or rate is not permissible in defense of this action (*Andrews* v. *Goodman,* 160 Misc. 664, affd. N. Y. L. J., Nov. 5, 1938, p. 1498, col. 7). To the extent that the defense complains

of improper audit, that fact is provable under the answer's denials of Paragraph Third of the complaint.

The third defense alleges an agreement, made prior to the issuance of the policy, for classification and fixation of a rate other than that fixed upon the audit. Such an agreement is void and the defense is therefore insufficient (*Peabody, Jr., & Co.* v. *Travelers Ins. Co.*, 240 N. Y. 511).

The motion is granted.