Matthew M. Levy, J.
The plaintiffs are the Commissioners of the State Insurance Fund. The defendant is a general contractor in the town of Wappingers, in Dutchess County. In connection with his business, it was necessary for him to carry workmen’s compensation insurance. He obtained such coverage through the State Insurance Fund. Claiming that the defendant has defaulted in the payment of the required premiums, the commissioners, in their official name as plaintiffs (see Commissioners of State Ins. Fund v. Blank, 205 Misc. 322), have sued to collect the allegedly unpaid sums, and have brought their action in New York County.
The defendant moves to change the venue of the action to Dutchess County on the ground of the convenience of witnesses and in the interests of justice. The plaintiffs object, pointing to section 93 of the Workmen’s Compensation Law. That statute provides, among other things, that the “ amount due from him [the insured employer] shall be collected by civil action broug'ht against him in any county wherein the state insurance fund maintains an office ”. It is not disputed that the State Fund has an office in New York County, and that it has none in Dutchess.
The plaintiffs are correct in stating that the action is to be brought in the county in which the Fund maintains an office, but there is nothing in the law which states that the venue cannot be changed by the court, upon due application, for the convenience of witnesses and in the interests of justice (cf. Weber v. Lacey, 281 App. Div. 290, in relation to section 182-a and those immediately following in the Civil Practice Act). And this, it seems to me, is so, notwithstanding the draftsman’s note to chapter 288 of the Laws of 1939, amending section 93 of the Workmen’s *311 Compensation Law, to the effect that an action for premiums (which is “ proved almost exclusively by the records of the State Fund ”) “ must be brought ” — for the sake of the “ orderly and convenient transaction of business ”— in New York City, “ where the State Fund maintains its principal place of business ” and where “ the great majority of the State Fund’s records and policyholders are located.”
I hold that section 93 of the Workmen’s Compensation Law — as amended — does not in words or by implication repeal the clear permissible authority expressed in section 187 of the Civil Practice Act: “ The court, by order, may change the place of trial of an action in the supreme court in either of the following-cases : * * * 3. Where the convenience of material witnesses and the ends of justice will be promoted by the change ”. Nor does it appear to me that the Legislature intended in 1939 to curtail the inherent constitutional general jurisdiction of the State-wide Supreme Court in the matter of local venue. Of course, each case must be judged on its own, and the fact that the plaintiffs’ records are in New York County is an important factor to take into account in arriving at a determination as to the propriety of any request for change of venue in an action such as this. My point is that that fact is not conclusive.
Therefore, to the facts as a whole. It appears from the record before me that: Prior to the present controversy, the defendant had been charged a premium rate based upon the nature and type of the general contracting business theretofore conducted by him. During the summer of 1954, the defendant and two associates — engaged in a joint venture — bought from the City of Poughkeepsie fifty-odd prefabricated houses located there. Under the terms of the deal, the coadventurers were to remove the buildings from their then locations. The buildings were sold by them to individual purchasers; and, under the terms of sale, the buildings were to be delivered to, and placed free of charge, on properties belonging to the respective purchasers. In order to accomplish this, the coadventurers hired the services of two independent moving concerns in Dutchess County to transport the buildings to the appropriate locations. The State Insurance Fund, asserting that the buildings were being moved by the defendant through his general contracting business, assessed a premium against the defendant for the operation of his contracting business based upon the experience for movers, which substantially increased the total amount of premiums said to be owing by the defendant. The defendant has denied to the State Fund and to the court that he was ens-asred *312 in moving houses. He submitted to the Fund numerous affidavits sworn to by, and certificates of insurance issued to, the independent movers. Statements were likewise submitted by officials of the City of Poughkeepsie to the effect that the buildings were sold to the coadventurers, but not in any capacity relative to the defendant’s general contracting business. And the defendant invited the plaintiffs to examine his books and records in an attempt to convince them that he was not responsible for premiums in excess of Ms normal rate.
The plaintiffs contend that, as their records are located in the city of New York, the defendant’s motion should be denied. I disagree. As I see it, the principal issue in this case is not one of rating, so much as it is one of determining the facts upon which the rate is to be based. Viewed in this light, the matter of the locale of the records must give way to the countervailing locale of the witnesses who will orally testify to the facts. The plaintiffs state that most of their witnesses are located in the city of New York; but the plaintiffs do not name the witnesses or any of them; nor do the plaintiffs disclose what they are expected to testify to. On the other hand, the defendant has listed Ms prospective witnesses — they are quite a number — and what they will testify to. All of the activities giving rise to this action took place in Dutchess County, and most if not all of the defendant’s witnesses are residents of that county. None resides in New York City. I am convinced that, on the issues here involved, the testimony of these persons is material and necessary to the defense of the action.
In the light of all the facts, this motion is granted, because, in the language of the statute, “ the convenience of material witnesses and the ends of justice will be promoted by the change ” (Civ. Prac. Act, § 187, subd. 3). Settle order.