WILLIAM F. SPADACCINI, Appellant, *v.* CITY OF NEW YORK et al., Respondents.

MORLEY SHERWOOD et al., Respondents, *v.* NINA SPADACCINI et al., Respondents.

First Department, January 26, 1960.

*Joseph A. Doran* of counsel (*Andrew J. Dritsas,* attorney), for William F. Spadaccini, appellant; (*John E. Morris,* attorney), for Nina Spadaccini and another, respondents.

*I. Jesse Winter* of counsel (*Aaron Greengold* with him on the brief; *I. Jesse Winter,* attorney), for Morley Sherwood and another, respondents.

*Robert L. Ellis* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for City of New York, respondent.

VALENTE, J. Two separate Supreme Court actions arose out of a collision between two automobiles on May 2, 1957 at the intersection of 183rd Street and St. Nicholas Avenue in New York County. One of the automobiles was a police car, whose occupants — the driver and his companion — commenced suit in July, 1957, in Bronx County against the owner and operator of the other vehicle for injuries sustained by the policemen. That suit was noticed for the December 1957 Term.

In March, 1958, the operator of the passenger vehicle started an action in New York County against the driver of the police car and the City of New York to recover damages for his personal injuries; and that action was noticed for the September 1958 Term.

Plaintiff in the New York County action — who was also one of the defendants in the Bronx County suit — then moved for a joint trial of the lawsuits pursuant to section 96-a of the Civil Practice Act, which provides that the court may order that two or more actions growing out of the same set of facts be tried together whenever it can be done without prejudice to a substantial right.

Since the two actions arose out of the same accident and involved the same factual questions, there was presented a classical picture for a joint trial. (*South Ridge Corp.* v.

*Amsinck Sonne Corp.,* 6 A D 2d 776.) While fully appreciating that circumstance, Special Term nevertheless refused a joint trial in New York County because such procedure would substantially prejudice the rights of the plaintiffs in the Bronx County action which had been instituted eight months before the New York County suit and had already reached the head of the calendar for trial. The New York County action, on the other hand, probably would not be reached for trial for two years.

Although we agree that a joint trial in New York County, under the circumstances, would have substantially prejudiced the rights of the plaintiffs in the Bronx County action, we do not share Special Term's view that there was an insuperable legal obstacle, in the objection by the City of New York under section 182-b of the Civil Practice Act, to a joint trial in Bronx County.

Though actions are commenced in different counties, they may nevertheless be consolidated, and the county designated for trial is discretionary with the court. (*Wanderstock* v. *Simke,* 286 App. Div. 912; *Edwards* v. *Lewin,* 284 App. Div. 28; *Gibbs* v. *Sokol,* 216 App. Div. 260, 263.) Ordinarily, the county where jurisdiction was first invoked will become the county of the consolidated action. (*Efco Prods.* v. *Long Is. Baking,* 6 A D 2d 832.) In the instant case, that would be Bronx County.

Since the accident happened in New York County, the City of New York — a defendant in the New York County action — opposed a joint trial in Bronx County on the ground that section 182-b of the Civil Practice Act enjoins that all actions wherein the City of New York is made a party defendant shall be tried in that county within the City of New York in which the cause of action arose. However, section 182-b makes that requirement " subject to the power of the court to change the place of trial in the cases provided by law."

Section 182-b is a venue statute which stipulates where an action must be commenced against the City of New York, but it does not impinge upon the jurisdiction of the Supreme Court to change the venue of an action. (*Weber* v. *Lacey,* 281 App. Div. 290; see, also, *Rubenstein* v. *Silbert,* 279 App. Div. 878, modfg. 200 Misc. 399.) Just as in *Weber* v. *Lacey* (*supra*) the court held that section 182-b must be read together with section 187 of the Civil Practice Act — dealing with change of venue for convenience of witnesses — section 182-b must also be construed to harmonize with the salutary purposes of section 96-a concerning joint trials.

Certainly, the ends of justice will be served and a multiplicity of trials will be avoided if a joint trial is had of the two actions, herein involved, in Bronx County. (See *Edwards* v. *Lewin*, *supra*.) The City of New York cannot possibly be prejudiced by adopting that procedure. As for the plaintiffs in the Bronx County action, their interests may be sufficiently protected by affording them the opportunity to open and close at the joint trial.

The order should be reversed on the law and the facts and in the exercise of discretion, without costs, and the motion pursuant to section 96-a of the Civil Practice Act should be granted to the extent of directing that a joint trial of the actions be had in Bronx County with the right of the plaintiffs in the Bronx County action to open and close at the joint trial.

BOTEIN, P. J., BREITEL, RABIN and M. M. FRANK, JJ., concur.

Order unanimously reversed on the law and on the facts and in the exercise of discretion, without costs, and the motion pursuant to section 96-a of the Civil Practice Act is granted to the extent of directing that a joint trial of the actions be had in Bronx County, with the right of the plaintiffs in the Bronx County action to open and close at the joint trial.