Benjamin Brenner, J.
Defendant moves for a change of venue pursuant to section 182-b of the Civil Practice Act in an action for personal injuries sustained in the County of New York. The action was commenced in the City Court of the City of New York, County of King’s, and issue was there joined on August 12, 1959. It was thereafter transferred to the Supreme Court, County of Kings, and ordered placed among the issues noticed for the June 1961 Term. Defendant made no objection to venue in Kings County until July of 1961, when, after the transfer, it orally requested change of venue, followed by a written demand therefor in August, 1961.
Rule 182-b specifies that actions against the City of New York “ shall be tried ” in the county where the cause of action arose or in the County of New York and, under said rule 182-b, the court is empowered to enforce compliance. Even under a statute which more forcefully mandates trial in a specific county, making use of the phrase “ must be tried ” (Civ. Prac. Act, § 183), the courts have interpreted the phrase so employed as not affecting the validity of a judgment rendered in a county other than the one in which according to said section the action must be tried (Railroad Co-Op. Bldg. & Loan Assn. v. Cocks, 248 App. Div. 905 [2d Dept.]; Weber v. Lacey, 281 App. Div. 290).
In cases where demand by the city for change of venue was granted, there was no showing of laches on its part and, on the contrary, the demand appeared to have been made timely (Battleman v. Hoffman, 257 App. Div. 987; Masch v. City of New York, 270 App. Div. 182; Hildebrand v. City of New York, 9 A D 2d 676; Ross v. City of Rochester, 8 A D 2d 925). Here, however, the defendant city acquiesced in plaintiff’s desig *842 nation of Kings County as the county in which trial was to he had for almost two years, apparently content that it be tried in the City Court of that county. Its long acquiescence to the venue here and its failure to show any possible prejudice are decisive to defeat the motion but made more so by the claim of the plaintiff, who resides in Kings County, that he will suffer prejudice were the venue to be changed. The motion is therefore denied and, in the exercise of discretion, I will consider the opposing papers as an application for retention of the action in this court, which application is hereby granted.