OPINION OF THE COURT
Burton S. Sherman, J.
Defendant Facilities Development Corporation (Facilities) moves pursuant to CPLR 510 (subd 1) to change the place of trial from New York County to Albany on the grounds that the venue is prescribed by section 12 of the Health and Mental Hygiene Facilities Improvement Act (the Act) (L 1968, ch 359, as amd). The plaintiff has cross-moved pursuant to CPLR 510 (subd 3) to retain New York County as the pla e of trial on the grounds that the convenience of material witnesses and the ends of justice will be best promoted thereby.
The issue is whether the mandatory venue provision in section 12 of the Act precludes the court from exercising its discretion under CPLR 510 (subd 3) to change the place óf venue.
This action by the plaintiff, a surety, seeks money damages against the defendant obligee Facilities Development Corporation for allegedly causing a default by the plain *217 tiff’s principal and for similar money damages. The New York State Facilities Development Corporation was created by statute to construct mental health institutions and related facilities. At one such construction project in New York County, the plaintiff furnished a performance bond for its principal, an electrical contractor in favor of the Facilities Development Corporation. The principal defaulted. The plaintiff completed the contract under protest and then instituted this action. Besides naming defendant Facilities Development as owner and obligee, the plaintiff, a New York corporation with principal offices in New York County also named as defendants John Lowry Inc., the construction manager at the project, a New York corporation with principal offices in New York County and the architect Herbert Reimen, P. C., a professional corporation with offices in Eastchester, New York.
Section 12 of the Act states: “1. The state supreme court shall have exclusive jurisdiction of any action, suit or special proceeding brought by or against or involving the corporation. The venue of any action, suit or special proceeding brought against the corporation shall be laid in the county of Albany.”
Defendant contends that the mandatory provisions of section 12 compel this court to change the venue to Albany County despite the authority of CPLR 510 (subd 3). With this the court disagrees.
CPLR 510 (subd 3) states:
“The court, upon motion, may change the place of trial of an action where * * *
“(3) the convenience of material witnesses and the ends of justice will be promoted by the change.”
This section is merely a codification of the inherent power of our courts to insist that justice and due process be. observed with respect to the place of trial. Our Legislature has long recognized this. For with three changes in the procedure law in over 100 years, this section has remained unchanged. (Code Civ Pro, § 987; Civ Prac Act, § 187, subd 3; Gorman v South Boston Iron Co., 32 Hun 71.) Indeed our State Constitution has recognized that a venue statute might well impair a litigant’s right to a fair trial. Section *218 17 of article III states that “The legislature shall not pass a private or local bill in any of the following cases * * * Providing for changes of venue in civil or criminal cases.” While this constitutional prohibition is not applicable to section 12 of the Act it clearly indicates a sensitivity to the fact that venue and due process are closely allied. For this reason, in no specific venue statute has the Legislature ever expressly limited the power of the court to dictate the venue of a case where the interests of justice so require. All that section 12 seeks to accomplish is to change the place of trial in the usual transitory action where CPLR 503 or 509 requires that proper venue be based on the residence of a party or designation by the plaintiff. Since there is a policy to protect government agencies from inconvenience, section 12 may well have an inhibiting effect upon the court’s exercise of discretion in granting changes of venue for the convenience of private litigants. However it does not, nor was it intended, to limit the inherent power of the court under CPLR 510 (subd 3) (Dickman v Stummer, 20 AD2d 611; Powers v East Hudson Parkway Auth., 75 AD2d 776; Merrill v City of New York, 16 AD2d 1004; Weber v Lacey, 281 App Div 290; Commissioners of State Ins. Fund v Alexander, 4 Misc 2d 309; Spadaccini v City of New York, 9 AD2d 502; O’Neill v Zanghi, 16 AD2d 816; Town of Hempstead v City of New York, 88 Misc 2d 366; 2 Weinstein-Korn-Miller, NY Civ Prac, par 510.10). Nor, as the defendant contends, does the language of CPLR 101 as to “inconsistent statutes” apply in this case. (See 1 Weinstein-KornMiller, NY Civ Prac, par 101.01.)
A motion under CPLR 510 (subd 3) requires specificity. (Williamsburg Steel Prods. Co. v Shevlin-Manning, Inc., 90 AD2d 550; Hurlbut v Whalen, 58 AD2d 311; 2 Weinstein-Korn-Miller, NY Civ Prac, par 510.15.) Plaintiff’s moving affidavit indicates specifically that (1) this is a complex case with a claim for over $700,000, (2) at least 20 named persons residing in or near New York County may be called to testify, most of them nonparties, (3) the materiality and substance of their testimony is presented, (4) the home addresses of the prospective witnesses are given, (5) the construction project is located in New York County, (6) it is not denied that Facilities’ New York City office, *219 located in New York County or the project site field office maintained the files in this case, (7) Facilities’ New York City employees supervised the project and are most familiar with it, (8) attorney’s for all private parties are located in or near New York County, (9) the Attorney-General maintains a large law office in New York County, (10) the principal place of business of plaintiff and one defendant is in New York County, and (11) even if the action is severed as to the other two defendants, their testimony will be necessary in this case. As opposed to this the affidavit of defendant is less than specific. Nor is it true as defendant claims, that calendar congestion in New York County will cause delay. The trial is in its early stages and discovery and depositions have not been held. However CPLR 3403 and local rule 660.9 of this court (22 NYCRR 660.9) provide for a trial preference to defendant when it is noticed for trial. While the court does not doubt the bona fides of defendant’s position, it would appear that it would be more beneficial to the State to have this case tried in New York County. Facilities’ employees most familiar with the facts reside here. It would be a hardship upon New York for those employees to suspend their State duties to travel to Albany to testify at a trial. The expense would also be great in this period of budget austerity. The court finds as a matter of fact and law and in the exercise of discretion that the convenience of witnesses and the ends of justice will be best promoted by designating New York County as the place of trial. It is ordered that the motion is denied and the cross motion granted.